## Richmond.

### WOMACK AND ALS. V. TANKERSLEY AND WIFE.

December 13th, 1883.

1. MARRIAGE—*Evidence—Registry.*—Marriage is a civil contract. Its existence is provable like any other fact. Registry, certificate or persons present at its celebration, need not be produced. Deliberate admissions, and acts of a prisoner, coupled with cohabitation, is sufficient evidence to convict him.

2. IDEM—*Idem—Admissions.*—Deliberate admissions and acts are also competent evidence of the validity of a marriage, under the *lex loci contractus.*

3. IDEM—*Rule of evidence.*—Where the existence of the marriage is the issue, the rule of evidence is the same in civil as in criminal proceedings, and the decision must be on the weight of the evidence.

4. IDEM—*Appellate court.*—Where the court below has determined the fact of the existence of the marriage upon the weight of the evidence, the appellate tribunal will not overturn its decision, except in cases of manifest error or misconduct.

5. IDEM—*Case at bar.*—Here the existence of the marriage was established by the proof of the deliberate admissions and acts of the parties, and by their cohabitation and recognition as husband and wife, without the production of the registry or certificate, or persons present at its celebration.

Appeal of William Womack, and William Davis, and Mary L. (formerly Mary L. Womack), his wife, from decree of circuit court of Halifax county, rendered in November, 1880, in the suit of William Tankersley and Martha F. (formerly Martha F. Womack), his wife, complainants, against the appellants.

The object of the suit was the partition of a tract of land whereof Charles H. Womack died intestate. Appellants,

William Womack and Mary L. Davis, were the children of the intestate by his first marriage. Martha F. Tankersley was the child of the intestate by Martha J. Boothe, and the issue was, were the parents lawful man and wife. The circuit court decided that they were such, and from its decree the children by the first wife obtained an appeal to this court.

Opinion states the facts.

*John W. Riely* and *Carrington & Fitzhugh,* for the appellants.

*H. Edmunds* and *W. W. Henry,* for the appellees.

RICHARDSON, J., delivered the opinion of the court.

The sole question for determination in this case is, whether or not Charles H. Womack, the father of the appellants, William Womack and Mrs. Mary L. Davis, was married to Martha J. Boothe, the mother of the female appellee, Mrs. Martha F. Tankersley.

Marriage is a civil contract, and its existence may be shown like that of any other fact. The production of the marriage registry, or certificate, or of a person present at its celebration, is not absolutely necessary. In a criminal prosecution the acts and admissions of the prisoner, coupled with cohabitation and recognition, is sufficient evidence of the marriage to procure his conviction. *Warner's Case,* 2d Va. Cases, 95 ; *Oneal's Case,* 17 Gratt. 582.

The admissions, however, must not be casual, but deliberate. Such admissions of a prior marriage in another State, are sufficient evidence of such marriage, without proving the marriage to have taken place agreeably to the laws of that State. Such admissions and acts are competent evidence not only of the fact of the marriage, but

also of its validity, under the "*lex loci contractus.*" *Rex* v. —— of Brampton, 10 East R. 282; *Hemmings* v. *Smith*, 4 Douglas R. 33; 3d Waterman's Archbold, 613; and *Bird's Case*, 21 Gratt. 800.

And the same authorities establish that in all cases where the issue is the existence of the fact of the marriage, the rule of evidence is the same in civil as in criminal proceedings. Such evidence, being clearly competent, it is for the tribunal, whether, judge or jury, deciding the issue upon the facts, to render its decision upon the weight of the evidence. And the appellate court will not overturn the decision thus arrived at, except in cases of manifest error or misconduct. The judgment of a court of competent jurisdiction will always be presumed to be right; and a party in an appellate court alleging error must show the error, else the presumption in favor of its correctness will prevail. *Broom's Legal Maxims*, 946 (marginal); *Harman* v. *City of Lynchburg*, 33 Gratt. 37. Applying these well-settled principles to the facts of the case under consideration, the solution of the question involved is easy.

C. H. Womack and Willis Boothe, the father of Martha J. Boothe, resided within a few miles of each other, in the county of Pittsylvania, and were on familiar terms. The county of Pittsylvania borders on the State of North Carolina. About the year 1857, C. H. Womack married Mary Boothe, an elder daughter of Willis Boothe. By her he had two children, the appellants, William Womack and Mary L., the wife of the appellant, Wm. Davis. His wife dying, the war breaking out, C. H. Womack becoming a soldier in the Confederate army in June, 1863, in company with John S. Boothe, his fellow-soldier and brother-in-law, without leave left their company, came to the county of Pittsylvania, spent one month, and during that furlough, without leave, visited at the home of his dead wife's father, where dwelt his little children, asked Tobiatha, his mother-

in-law, for the hand in marriage of her younger daughter, Martha; was refused on account of the pendency of the war; asked her sister, Missouri to accompany him and Martha when they went away to be married; she declining, C. H. Womack and Martha got ready and left; were gone ten days; on their return, they both said they had been married in the adjoining State of North Carolina; they cohabited as man and wife until his return to the army on the 26th of June, 1863, and were recognized as such by the family. At the battle of Gettysburg, on the 3d day of July, 1863, he was wounded, and died in the city of Baltimore on the 3d day of August, 1863, of his wounds. In February, 1864, Martha gave birth to a child, now Mrs. Tankersley, the female appellee. Said Martha was recognized as the widow of C. H. Womack, not only by her immediate family, but also by the Confederate military authorities, from which, as such widow, she drew rations. The three children, William and Mary L., the offspring of the first marriage, and Martha F., the offspring of the second marriage, were raised together by their grandfather, Willis Boothe, as brothers and sisters, so recognizing one another, and the widow as their mother.

C. H. Womack died intestate, leaving a tract of land in the county of Halifax. In 1866, Willis Boothe qualified as guardian of all three of his said grandchildren, who in his official bond were styled "the orphans of C. H. Womack, deceased." John S. Boothe, already mentioned as the comrade of the decedent, and relied on as main witness to disprove the marriage of his sister, and who appears as a witness against that sister's child; and testifies to facts, in the most positive manner, which, if true, fixes upon his aged mother the crime of perjury, upon his dead sister the character of a public prostitute, and upon his own niece, the female appellee and child of that sister, the stigma of illegitimacy. His testimony is not only positive that there

was no such marriage between C. H. Womack and his sister Martha, as claimed, but he states as facts things which, if true, would tend strongly to establish that it was a physical impossibility; facts directly in conflict with the testimony of his mother and sister, Missouri; yet he was one of the sureties in the guardian's bond executed by his father, reciting that said children, including the female appellee, were the orphan children of C. H. Womack.

It further appears that in 1866 the said Martha, as Martha Womack, executed, acknowleged and had recorded a deed relinquishing in favor of said *three* children her dower interest in the land of which C. H. Womack died seized; and thereafter made a second marriage and subsequently died.

This was all the evidence adduced of the marriage. No registry, or certificate, or witness present at its celebration was produced, and the principals therein had long ceased to live, when, in 1879, the daughter, whose legitimacy is denied, having grown to womanhood under her father's name, and become the wife of William Tankersley, instituted by him as her next friend, in the circuit court of Halifax county, a chancery suit against Wm. Womack and Mary L., who had become the wife of Wm. Davis, for the partition of said tract of land and the allotment to her of one-third thereof as one of the children and heirs at-law of C. H. Womack.

The defendants answered the bill, and in emphatic terms denied the alleged marriage and the claims of the plaintiff; moreover, however, they took several depositions, which were read at the hearing of the cause.

We do not deem it necessary to discuss the evidence of the defendants. Suffice it to say, that it is, in its character, pointedly in conflict with the evidence favoring the marriage, though circumstances were elicited which strongly tend to diminish its force in respect to credibility, and

viewed as a whole, it is insufficient to satisfy us that the decree complained of is plainly wrong. That decree was that, in the opinion of the court below, Martha F. Tankersley is a child and a lawful heir of C. H. Womack, deceased, and as such entitled to one-third part of the land in question. Such was the view of the case taken by the judge who tried the case in the court below, who, it is admitted, was the captain of one of the military companies from that county, wherein some of the witnesses served, and his decision upon the weight of their testimony is entitled to full credit. Under all the circumstances, whatever difficulty we might have had in arriving at such a conclusion, had it been wholly an open question, we can have none now in bringing ourselves to concur with the court below. The decree must be affirmed, with costs to the appellees.

FAUNTLEROY, J., dissented.

DECREE AFFIRMED.