**Richmond.**

81 777
103 710

WRIGHT V. SMITH.

APRIL 29th, 1886.

1. PRACTICE AT LAW—*Declaration—Account.*—Account filed with declaration under statute, is part of the declaration. Code 1873, ch. 167, sec. 13.

2. *Idem—Demurrer—Several counts—Divisible count*—If any of several counts in declaration be good, general demurrer will be overruled. And so if any one matter of several divisible matters in a single count be good.

3. APPELLATE COURT—*Judgment—Presumption.*—Judgment of court of competent jurisdiction is presumed to be right; and if this court cannot ascertain from the record the state of facts whereon the court below acted, its action will be presumed to be right.

4. *Parol contracts—Debt of another.*—Where the promise to pay the debt of another arises out of some new and original consideration, it is not within the statute of frauds. *Hopkins* v. *Richardson,* 9 Gratt. 494.

5. EVIDENCE—*Undelivered note—Witnesses—Husband and wife—Case at bar*—W., indebted to S., made his note payable to the wife of S. but delivered it to S. She gave nothing for the note; S. was not her agent; the note was never delivered to her, but was lost or destroyed. In suit by S. against W. upon the original cause of action, it was contended, as ground of demurrer, that the note mentioned in the account filed, having been made payable to Mrs. S., her husband was not entitled to recover on it in his own name. And it was also contended that he was not a competent witness for the same reason.

HELD:

    1. The note never having been delivered, Mrs. S. acquired no interest in it, and it had no vitality.

    2. She having no interest in the suit, S. was a competent witness.

Error to judgment of hustings court of Petersburg, rendered July 30, 1884, in an action of trespass on the case in *assumpsit* wherein W. D. Smith was plaintiff and C. Wright & Son were defendants. With the declaration was filed an account of items, whereof the first was as follows: "September 15, 1881. To amount admitted by C. Wright, trading as C. Wright & Son, as payable by him to W. D. Smith, as a settlement had between them this day, $998.99." Smith had been partner in trade with F. H. Wright. Upon dissolution of firm, September 15, 1881, it owed him $998.99. C. Wright & Son bought the firm's goods and promised to pay this sum to Smith, giving their note at Smith's request, to "Mrs. W. D. Smith." The money put into the firm by Smith was held by him as his homestead, and he testified that the note was made payable to his wife under a mistake as to the legal ownership of the fund. The note never was delivered to or known of by her. It was lost and included in the account, and the facts connected with set forth therein. Wright demurred to the declaration. His demurrer was overruled. There was verdict for Smith and judgment accordingly, to which Wright obtained a writ of error and *supersedeas.*

*McIlwaine & Mann,* for plaintiff in error.

*Jones & McKinney* and *G. S.* and *D. M. Bernard,* for defendant in error.

Lewis, P., delivered the opinion of the court.

·The statute provides that, "in every action of *assumpsit* the plaintiff shall file with his declaration an account showing the several items of his claim, unless it be plainly described in the declaration." Code 1873, chapter 167, section thirteen;

Barton's Law Pr. 117. With this provision, the declaration being general, the plaintiff complied, and the defendant, the plaintiff in error here, contends that the itemized account or bill of particulars so filed, is to be considered a part of the declaration, as though it had been actually incorporated therein. This may be conceded. 1 Tidd's Pr. 599; *Starkweather* v. *Kittle*, 17 Wend. 20.

The first question then is, whether the hustings court erred in overruling the demurrer.

The precise point of objection upon which the demurrer was based is, that the due bill or promissory note mentioned in the bill of particulars, having been made payable to Mrs. W. D. Smith, the plaintiff is not entitled to recover thereon in his own name.

The answer, however, to this objection is, that the bill of particulars sets forth that the note, though made payable at the instance of the plaintiff to Mrs. Smith, was, in point of fact, never delivered to her, and never came into her possession; and if this be true, as the demurrer admits it to be, then Mrs. Smith never acquired title to the note, and hence has no right to recover thereon.

The principle is elementary that delivery is essential to a perfect promissory note. Until delivered to the payee it has no vitality. And not only must there be a delivery, but an acceptance by the payee. Story on Prom. Notes (sixth ed.), sections nine to fourteen; *Curtis* v. *Gorman*, 19 Ill. 141.

Moreover, the action is not upon the note, but upon the original cause of action, to which reference will presently be made in another connection. And it is to be observed that the plaintiff's claim consists of three items—namely: first, the item of $989.99, for which the note in question is alleged to have been made; second, the item of $214, on account of "sundry old store accounts," etc.; third, the item of $454,

being the "aggregate amount of sundry other old store accounts," etc.; and as to the last two items, the plaintiff's right of action, on the face of the record, is not denied. So that, in any view, the demurrer was rightly overruled.

The established rule is, that a demurrer to a declaration containing several counts will be overruled, if any one of the counts be good; and the same rule applies to a demurrer to a single count containing a demand of several matters, which are divisible, if any one is well claimed. *Henderson* v. *Stringer*, 6 Gratt. 130; 4 Min. Insts. (Pt. I.) 895.

The next question arises upon the defendant's first bill of exceptions, which was taken to the refusal of the hustings court to instruct the jury to disregard the evidence of the plaintiff, in so far as it tended to prove the first item of the claim contained in the bill of particulars.

Upon this point the plaintiff, as a witness in his own behalf, testified that he was a member of a mercantile firm in Petersburg, doing business under the name of F. H. Wright; that he put into the partnership business the sum of $2,000, "held by him as homestead property," with the understanding that the sum so advanced would be returned to him whenever he chose to withdraw from the firm; that at the time of the dissolution of the firm it was indebted to him in the sum of $989.99 on account of the money so advanced by him; that the defendant purchased the stock of goods on hand belonging to the firm, and assumed the payment of the balance due by it to the the plaintiff, for which, at the request of the latter, the defendant executed the note in question, payable to the wife of the plaintiff, Mrs. W. D. Smith, which he delivered to the plaintiff, but which was never delivered to Mrs. Smith, and never came into her possession, and that the same has been lost or destroyed.

The defendant contends that the evidence of the plaintiff in

respect to the note is against the interest of his wife, and therefore inadmissible. And this contention would be well founded if the record showed that any interest in the note had ever been acquired by the wife. But it does not. The facts are not certified, nor is the evidence, except that of the plaintiff, and looking to that, it does not appear that he was acting as the agent of his wife, or that any consideration moved from her for the note, or that she ever knew of its existence. On the other hand, it does appear that the note was never delivered, and hence, for reasons stated in connection with the demurrer, it never became a perfect promissory note. It follows, therefore, that the evidence of the plaintiff was properly submitted to the jury for its consideration.

The remaining question necessary to be considered relates to the refusal of the hustings court to grant the motion of the defendant to set aside the verdict, and for a new trial.

This motion was based on three grounds: "1. That the verdict is contrary to the law and the evidence; 2. That the court improperly admitted the evidence of the plaintiff to prove title to the note set up in the first item of the bill of particulars; and, 3. That the said Mrs. W. D. Smith not being a party to the action, a judgment in favor of the plaintiff would not bar an action by her on the note, and thus the defendant might be subjected to two judgments against him for the same debt."

In respect to the first of these objections, it is sufficient to say that the facts are not certified, nor is the evidence. The court refused to certify the facts, on the ground that the evidence was conflicting, and it does not appear that it was even asked to certify the evidence. And the second objection, as we have already seen, is not well taken; nor is the third. The fact that the note was drawn payable to Mrs. Smith was of itself, for reasons already stated, no bar to the plaintiff's

right to recover on the original cause of action; that is, for so much of the price of the goods purchased by the defendant as was represented by the note in question. And even if it affirmatively appeared that the note had been delivered, it may have been surrendered, or other facts may have been established sufficient to show that the plaintiff was entitled to recover. At all events, as we have no means of ascertaining from the record the state of facts upon which the verdict was rendered, the action of the lower court in respect thereto must be presumed to have been right. *Harman* v. *City of Lynchburg*, 33 Gratt. 37; *Supervisors of Washington Co.* v. *Dunn*, 27 Id. 608, 619; *Womack* v. *Tankersley*, 78 Va. 242.

The same answer applies to the argument, though the point was not made in the lower court, that if the note of the defendant is discarded, his promise to pay the debt of the firm to the plaintiff was not in writing, and, therefore, not enforceable under the statute of frauds. Besides, it appears from the evidence of the plaintiff that the promise was founded on a new and original consideration, namely, the stock of goods belonging to the firm of which the defendant became the purchaser, and hence is not within the statute of frauds. *Tindal* v. *Touchberry*, 3 Strob. 177; *Cooper* v. *Chambers*, 4 Dev. (Law) 261; *Hopkins, Brother & Co.* v *Richardson*, 9 Gratt. 485, 494.

LACY, J., and FAUNTLEROY, J., dissented.

JUDGMENT AFFIRMED.