# Staunton.

## SKINKER v. ARMSTRONG.

### SEPTEMBER 15th, 1890.

1. PRACTICE AT COMMON LAW—*Pleading—Proof.*—Whether or not promise to pay·another's debt is in writing, according to Code, sec. 2840, cl. 4, is matter of evidence, and need not be stated in the declaration.
2. PAROL PROMISE—*Another's debt.*—Said clause 4 does not apply to promise to pay another's debt which is founded on a new consideration.
3. IDEM—*Case at bar.*—Two joint debtors, A. and B., secured the debt on land. A. paid more than his share. B.'s land was sold, purchaser agreeing to pay stated sum, *plus* the excess paid by A. But failing to do so, A. brought *assumpsit.* *Held*, the action was maintainable.

Argued at Richmond.    Decided at Staunton.

Error to judgment of circuit court of Fauquier county in an action of *assumpsit* pending therein in the name of John S. Armstrong's administrator against John K. Skinker. Opinion states the case.

*Brooke & Scott*, for the plaintiff in error.

*Eppa Hunton, Jr., J. M. Forbes* and *Charles T. Green*, for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

The facts of the case, as alleged by the plaintiff, and not contested by the defendant, are set out in the declaration as

follows, viz: "For this, that heretofore, viz., on the 20th day of January, 1855, a certain James Wright James and the plaintiff (Armstrong) were indebted jointly to a certain John N. Coombs in the sum of $6,000 00, payable five years after said 20th of January, 1855, with interest from said 20th of January, 1855, payable on the first days of July and January of each and every year till paid; for which they executed their bond, with one Isham Keith as their surety, payable to said John N. Coombs; and for securing the payment of said principal money and interest thereon, as aforesaid, he, the said plaintiff, John S. Armstrong, and Jane his wife, conveyed, by deed dated January 20th, 1855, to B. H. Shackelford and Edward M. Spilman, trustees, two certain tracts of land (one containing — acres, situate in Culpeper county, and one containing — acres, situate in Fauquier county); and the said James Wright James and Mary, his wife, also, on the said 20th of January, 1855, by their deed conveyed to said B. H. Shackelford and Edward M. Spilman, trustees, one undivided moiety of a tract of land containing about 1,000 acres, situate in Fauquier county, adjoining the land of —— and ——, the other moiety in said 1,000 acre tract being held and owned by the said defendant, John K. Skinker; upon trust that in default of payment of said principal and interest, or any part thereof, when the same shall become due, said trustees should sell said tracts of land respectively, at public auction, after advertising the time and place of sale for thirty days in a newspaper published at Warrenton, and pay from the proceeds of sale, first, the expenses of the trust, and, secondly, the debt and interest aforesaid; and the residue should pay to the grantors. And the plaintiff avers that the said Edward M. Spillman, the surviving trustee (his co-trustee, B. H. Shackelford having departed this life on the ——) did, in pursuance of the provisions of said trust deed executed by said James W. James, on the —— day of May, 1879, sell the said moiety of the 1,000 acre tract of land so conveyed in trust, to the said defendant James K.

Skinker; and the said defendant undertook, promised and agreed with the said Edward M. Spilman and the plaintiff, that he would pay for the said moiety of the said 1,000 acre tract of land the sum of $3,000 00, and also, in addition thereto, that he would pay to the plaintiff such sum of money as the plaintiff had then paid to the said John N. Coombs upon said debt of $6,000 00, and interest thereon, which was rightfully due by, and should have been paid by said James W. James to said John N. Coombs (the amount of which additional sum was not then ascertained and known by said plaintiff), when the same should be ascertained, and he be thereto required."

To this declaration the defendant, on the 8th day of September, 1880, filed a general demurrer, in which the plaintiff joined. On the 16th of January, 1889, the demurrer was argued, and "it seemed to the court that the said declaration is sufficient in law for the plaintiff to have and maintain his action against the defendant; whereupon it is considered by the court that the said demurrer be overruled." The defendant pleaded *non-assumpsit* and *non-assumpsit within five years*, and issues were joined upon these pleas. On the 14th day of February, 1889, the cause was tried by a jury, who rendered, on the 15th day of February, 1889, a verdict for the plaintiff, and assessed his damages in the sum of $1,343 78, with interest from the 1st of January, 1879, till paid. The defendant moved the court to set aside the verdict and to grant a new trial of the case; which motion the court overruled, and rendered judgment upon the said verdict for the said sum of $1,343 78 and interest as aforesaid, and costs. Whereupon the defendant obtained from this court a writ of error and *supersedeas.*

The facts stated in the declaration are admitted by the demurrer, and the only errors assigned are the overruling of the demurrer and the judgment of the court upon the verdict. The sole question to be decided by this court, upon the record,

is on the pleadings, viz., whether it was error in the circuit court to overrule the demurrer.

The only ground of the demurrer, as stated in the defendant's brief, was: 1st. That the alleged *assumpsit*, as presented in the declaration, was without consideration—*a nudum pactum.*

2d. That the alleged promise and *assumpsit* of the defendant, Skinker, was a promise to answer for the debt of another, and as such, not being in writing, it was within the operation of the Code of Virginia, 1887, sec. 2840, and void; and that, therefore, the demurrer to the declaration ought to have been sustained and the suit dismissed. We are of opinion that the judgment of the court overruling the demurrer was right.

It was not necessary to aver in the declaration that the promise of Skinker, the purchaser of the land, was in writing; that was a question of fact, to be determined by plea and proof in a proper case. 1 Chitty's Pleading, 332; Browne on the Statute of Frauds, sec. 505; Green on Pleading and Practice, sec. 508; Wait's Actions and Defenses, vol. 7, 55, 56, sec. 3; *Marston* v. *Sweet*, 66 N. Y., 209; *Walsh* v. *Kattenburg*, 8 Minnesota, 131; *Wakefield* v. *Greenhood*, 29 Calif., 599, and cases cited.

*Non constat*, that, in this case, the promise was not in writing. The presumption, in the circumstances detailed in the declaration, is that it was in writing. The payment promised was of part of the purchase money for the undivided moiety of the 1,000-acre tract of land, and was part of the contract of the sale of said land between the trustee, Spilman, and Skinker, the buyer; and it was part of the consideration for the conveyance of January 1, 1879. The deed is not in the record; but it would be a violent presumption to assume that the terms of sale agreed on by the trustee and the buyer were not specified in the deed. But, even if it were not, this promise, sued on, does not come within the statute of frauds, Code of Virginia,

1887, section 2840, which has no application to the facts of this case. That statute contemplates a gratuitous verbal promise by one to pay the debt which *he* does not owe and is not liable for, but which is owed by another; and the intent and purpose of the statute is to compel the reduction to the evidence of writing of such voluntary promise, for the protection, alike, of *promisor* and *promisee* from fraud by reason of the uncertainty of any demand on such contract without consideration. But in this case, the promise of Skinker was not to pay the debt of James, but to pay his (Skinker's) own debt, for the land he had bought from Spilman, the trustee; and it was simply the *application* of the payment of a part of the purchase money due from Skinker in consideration of the land sold to him. It was as much a part of the purchase money as was the $3,000, and Skinker was bound to pay it to the trustee, who, instead of receiving it and paying it to Armstrong, in discharge of the lien which Armstrong held on the land, stipulated with Skinker, the purchaser of the land, that he should pay it to Armstrong. The purchase of the land is a new and original consideration moving between the newly contracting parties; and the promise to pay the debt of another is not with the letter or the spirit of the statute of frauds, where there is a new and original consideration, and a novation of the debt. *Hopkins Brothers & Co.* v. *Richardson*, 9 Gratt., 494; Story on Promis. Notes, sec. 457; Saunders, 211, N. 2; *Leonard* v. *Vredenburg*, 8 Johns. R., 29–46; *Wright* v. *Smith*, 81 Va., 782; *Emerson* v. *Slater*, 22 Howard, 28; *Mallory* v. *Gillett*, 21 N. Y.; *Fuller* v. *Adams*, 37 Vermont; Throop on Verbal Agreements, sec. 574, and note to sec. 647; *Rosenbaum* v. *Goodman, &c.*, 78 Va.

There is no pretence by the defendant, that this application of so much of the purchase money to be paid by Skinker for the land, was made without James' authority; and the very delay, until the amount Armstrong had paid for James, and for which he had a right to be reimbursed, by substitution to

the lien creditor's right, showed that James was a party to that settlement and reimbursement. Spilman was trustee and acted for James, and, with James' assent, directed the application of so much of the purchase money due by Skinker to the reimbursement of Armstrong, when the amount should be ascertained. To this Skinker agreed; and, on these terms, he was tendered and he received the deed for the land of January 1, 1879. The amount so due to Armstrong, promised by Skinker to be paid out of his debt for the purchase money, was ascertained within the year, and suit on the promise was brought within two years. The authorities cited by the defendant's counsel can have no bearing upon this case, which is simply a case of *application* of the payment of Skinker's own debt to the trustee, Spilman.

We are of opinion that there is no error in the judgment of the circuit court, as presented by the record, and our judgment is to affirm the same.

JUDGMENT AFFIRMED.