# Richmond.

## KANTER v. M. HOFHEIMER AND CO., INC.

### March 16, 1916.

### Absent, Keith, P.

1. STATUTE OF FRAUDS—*Promise to Pay for Goods to Be Delivered to Another.*—A positive personal undertaking of one person to pay for goods to be delivered to another is not within the statute of frauds.
2. APPEAL AND ERROR—*Verdicts—Conflicting Evidence—Correct Instructions.*—The verdict of a jury found upon proper instructions and sufficient, though conflicting, evidence, and approved by the trial court, cannot be disturbed by the appellate court.

Error to a judgment of the Hustings Court of the city of Portsmouth, in an action of *assumpsit.* Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. Randolph Hicks,* for the plaintiff in error.

*S. M. Brandt,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

From the point of view of a demurrer to the evidence, the essential facts of this case are these: Plaintiff in error, Kanter, (who was defendant below), for several years prior to 1912 had been engaged in the retail liquor business in the city of Norfolk, where for some violation of the statute his license was revoked. Thereupon, Kanter, in association with his brother-in-law, Kesser, and one Rice, organized and had incorporated the South Norfolk Liquor Company, and through the agency

40

of Rice the corporation obtained from the Circuit Court of Norfolk county a license to keep an ordinary in South Norfolk, a suburb of the city of Norfolk. Kanter practically owned the entire stock and conducted the business of the corporation as the general manager. While in business in the city of Norfolk he was a customer of the defendant in error, and bought his stock of liquors from that concern. As soon as the corporation was organized and licensed, Kanter approached the secretary and treasurer of M. Hofheimer & Company, Incorporated, for the purpose of establishing trade relations between them and his corporation, and to purchase the opening stock; but the offer was declined, and the secretary and treasurer absolutely refused to do business with the corporation or to sell it goods, but agreed to sell the stock to Kanter as an individual and deliver the goods to the South Norfolk Liquor Company. That proposition was accepted, and the goods (for the price of which the judgment under review against Kanter was recovered) were sold in pursuance of that agreement.

The plaintiff in error seeks to escape liability on two grounds:

1. That the sale was made to the South Norfolk Liquor Company, Incorporated, and that Kanter was not liable therefor under the statute of frauds, because his promise to pay was not in writing.

That issue of fact was submitted to the jury upon correct instruction, and, upon conflicting evidence, having been resolved in favor of the plaintiff, the finding of the jury is conclusive. Kanter's liability being positive and personal, not contingent and collateral, the transaction was not within the statute of frauds. 2 Va. L. Reg. 465; *Hopkins* v. *Richardson,* 9 Gratt. (50 Va.) 485; *Noyes' Ex'x.* v. *Humphreys,* 11 Gratt. (52 Va.) 636; *Wright* v. *Smith,* 81 Va. 777; *Skinker* v. *Armstrong,* 86 Va. 1015, 11 S. E. 977.

2. That if the sale was made to Kanter, with knowledge that the liquor was to be resold by him in violation of the statute, plaintiff could not recover.

That issue was likewise submitted to the jury upon an extremely favorable instruction as to the defendant's contention, and the jury again adopted the theory of the plaintiff that Kanter purchased the goods upon his individual credit for a corporation in which he was a controlling stockholder, and which, under its license had the lawful right to sell the liquors.

The jury having so found, upon proper instructions and sufficient evidence, and their verdict having been sustained by the trial court, on familiar principles, it cannot be disturbed in this court.

We are of opinion that the judgment should be affirmed.

*Affirmed.*