164

## CIRCUIT COURT OF FAIRFAX COUNTY

Leticia T. Sevilla, Trustee

v.

Henry Del Castillo and
Carmen Del Castillo

May 18, 1992

Case No. (Law) 111297

BY JUDGE JOHANNA L. FITZPATRICK

This matter was before the Court on the demurrer filed by the Defendant, Carmen Del Castillo, to Plaintiff's amended motion for judgment. I have carefully reviewed the pleadings, arguments of counsel and the applicable authority, and I find the following to be appropriate in this case.

This action arises out of a series of loans made by the Plaintiff allegedly to both Defendants, which was evidenced by notes signed only by Henry Del Castillo, between March, 1984, and September, 1986. After these notes were not repayed consistent with the stated terms, the Plaintiff filed a motion for judgment against the Defendants, in this Court, under Law Case No. 98775. Prior to the trial of that action, the parties reached a settlement, whereby the cause was dismissed with prejudice, and a new cause substituted therefor in the form of a confessed judgment note signed by Henry Del Castillo. A payment schedule agreement to satisfy the confessed judgment was executed between Henry Del Castillo and the Plaintiff on March 7, 1991. Thereafter, Henry Del Castillo again fell behind in his payments to the Plaintiff, and Plaintiff asserts that the Defendant, Carmen Del Castillo, in a telephone conversation on or about October 3, 1991, "promised to personally start paying the balance of the confessed judgment in accordance with the payment schedule." Carmen Del Castillo did not make any payments on the confessed judgment, wherefore, Plaintiff filed this cause of action (Law No. 111297)

against Carmen Del Castillo in the amount of $30,000, based *inter alia* on a theory of unjust enrichment.

Defendant, Carmen Del Castillo, demurs to Plaintiff's amended motion for judgment based on the statute of frauds pursuant to Va. Code Ann. § 11–2(4) (1950), which states:

> Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases . . . .
>
> 4. To charge any person upon a promise to answer for the debt, default, or misdoings of another.

*id.*

The Court finds that the Plaintiff's cause of action is within Va. Code Ann. § 11–2(4) (1950) because it seeks to recover from the Defendant, Carmen Del Castillo, based only on an alleged oral promise to answer for the debt of Henry Del Castillo. The prior factual circumstances which gave rise to the action under Law Case No. 98775 were fully compromised by the confessed judgment, and that cause was dismissed *with prejudice.* The only remaining judicial issue was for the proper execution of the confessed judgment of Henry Del Castillo. Any subsequent oral promise of Carmen Del Castillo to answer for this debt is within the statute of frauds, and as such, renders such a contract unenforceable unless there is some memorandum in writing of the alleged agreement.

The Court is mindful of Plaintiff's argument that because the object of § 11–2 "is to prevent fraud, it will not be applied when to do so would result in a fraud or perpetrate a wrong." *Troyer v. Troyer*, 231 Va. 90, 94 (1986). However, that exception to the statute of frauds is not applicable to the case at bar. The Plaintiff has not alleged any fraud on the part of the defendants, and it is not appropriate for the Court to look behind the settlement agreement which dismissed the prior action against these defendants with prejudice. The Plaintiff agreed to have only Henry Del Castillo confess judgment in the prior cause and cannot now be heard to complain that such a settlement is now somehow unjust. In addition, Plaintiff relies on *Skinker v. Armstrong*, 86 Va. 1011, 11 S.E. 977 (1890), which construed § 2840 of the Code of Virginia of 1887, for the proposition that a writing need not be alleged in the pleadings, but rather, that it

is a question of fact not reachable by demurrer. The facts of the *Skinker* case, which did not turn on answering for the debts of another, are factually distinguishable from the case at bar, and as such, that case is inapplicable to the disposition of the present issues.

At the *ore tenus* hearing on this matter, Plaintiff also argued that the statute of frauds did not apply to this case because Carmen Del Castillo's oral promise created an original undertaking, which was supported by Plaintiff's consideration of forbearance from immediate execution on the confessed judgment. While it is true that original undertakings are not within § 11-2(4), every collateral promise to answer for the debts of another must be in writing. *Alessandrini v. Mullins*, 178 Va. 69, 16 S.E.2d 323 (1941). The pleadings in this case indicate that Carmen Del Castillo's undertaking was merely collateral, because the law in Virginia is that if the original contractor remains liable and the undertaking of the third party is merely that of surety or guarantor, the undertaking is collateral and within the statute of frauds, even when the collateral promise was the principle inducement to performance by the promisee. *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 325 S.E.2d 91 (1985). "To hold that a promisee, upon proof of reliance and detriment, could enforce an oral undertaking by a promisor who derives no direct benefit from the transaction and is only conditionally obligated to perform would effectually repeal Code § 11-2(4)." *id.* at 676.

Plaintiff also argues that the Court should overrule the Defendant's demurrer on the additional ground that the amended motion for judgment seeks recovery based on a theory of unjust enrichment. To establish a Count for unjust enrichment a plaintiff must allege: "(1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Nossen v. Hoy*, 750 F. Supp. 740, 745 (W.D. Va. 1990). Plaintiff has not sufficiently pleaded any of these elements of unjust enrichment. The amended motion for judgment does include allegations which address these elements, however, only as to actions *prior to* the settlement agreement and dismissal with prejudice of Law No. 98775. The Plaintiff has failed to allege any subsequent (post-settlement) conduct by Carmen Del Castillo which could support a cause of action based on unjust enrichment.

For the reasons set forth above, the defendant's demurrer is sustained. The Plaintiff is granted leave to amend the amended motion for judgment, if she can, to properly plead a cause of action based on the defendant's post-settlement conduct, if any, which may have given rise to an unjust enrichment. Recovery based on the promise to answer for the debts of another is barred by § 11–2(4).

If the Defendant, Henry Del Castillo, has a pending bankruptcy action, as is alleged in the pleadings, and the Plaintiff elects not to file a second amended motion for judgment, then the parties need to contact the Court's Differentiated Case Tracking Program regarding the entry of an appropriate order removing this action from the Court's active docket, without prejudice, during the pendency of the bankruptcy case.