## CIRCUIT COURT OF THE CITY OF NORFOLK

Samuel P. Allaun

    v.

Blake Scott et al.

September 19, 2002

Case No. (Law) L01-3109

BY JUDGE MARC JACOBSON

Plaintiff Samuel P. Allaun filed a Motion for Judgment alleging fraud, breach of contract, breach of fiduciary duty, unjust enrichment, and breach of duty of good faith in fair dealings against Defendants Blake Scott, Austin Roberts, and Hurricane Productions, Inc. Defendants Scott, Roberts, and Hurricane have filed a joint Demurrer, Motion Craving Oyer, and Plea of Statute of Limitations. Defendants Scott and Roberts demurred to all counts on the grounds that they were agents of Hurricane and, therefore, not individually or personally liable on the agreement with Plaintiff. Defendants Scott, Roberts, and Hurricane also demurred on separate grounds to each count of Plaintiff's Motion for Judgment.

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from

the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on demurrer, the court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)). The Court may consider the pleading and the exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted). Moreover, "a court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that are properly a part of the pleadings." *Ward's Equip. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

## Count I: *Fraud*

Defendants demurred on the grounds that Plaintiff has not alleged that Defendants made willful misrepresentations with intent to deceive and that there is no basis for granting punitive damages. (Defs.' Dem. at ¶¶ 2, 7.) However, Plaintiff has alleged that Defendants made representations that were willfully false and were intended to deceive Plaintiff. (Pl.'s Mot. for J. at ¶¶ 10-11, 34, 37.) For the purposes of the Demurrer, such allegations are sufficient relative to the request for punitive damages.

Defendants Scott and Roberts also demurred on the basis that they signed the Investment Agreement as agents for Hurricane Productions. (Defs.' Dem. at ¶ 2.) Although their status as agents may shield them from liability on the contract for purposes of the Demurrer, Plaintiff alleges they are individually liable for alleged torts they may have committed. *Miller v. Quarrels*, 242 Va. 343, 347, 410 S.E.2d 639, 641 (1991) (citing *McLaughlin v. Siegel*, 166 Va. 374, 376-77, 185 S.E. 873, 874 (1936)).

Defendants Demurrer as to Count I is overruled.

## Count II: *Breach of Contract*

In Plaintiff's Motion for Judgment, he alleges that Defendants breached their Investment Agreement by "failing to adequately produce a musical

recording, failing to produce a musical recording receptive to the industry, failing to appropriately solicit a recording contract with a major or independent label record company, and by terminating Agreements with the Artists." (Pl.'s Mot. for J. at ¶ 40.) The Investment Agreement contains a consolidation clause to the effect that it represents the entire agreement between Plaintiff and Defendants. *Id.* at Ex. A, ¶ 8. According to the terms of the Investment Agreement, Plaintiff invested $60,000 in his son's band. *Id.* at Ex. A, ¶¶ 2, 4. Defendants' sole responsibility was to repay Plaintiff's investment from the gross income of the band, if any. *Id.* at Ex. A, ¶ 4. Plaintiff has failed to allege breach of that contractual duty. Therefore, Plaintiff has failed to state a claim for which relief may be granted.[1]

Defendants' Demurrer as to Count II is sustained with leave to Plaintiff to amend.

### Count III: *Breach of Fiduciary Duty*

Plaintiff has not sufficiently pleaded a cause of action for breach of fiduciary duty. "[While] a contract may create a fiduciary duty between persons (e.g. joint venturers or partners), an action for the tort of breach of fiduciary duty must plead and prove the duty, the breach, and a loss caused by the breach." *First Health Servs. Corp. v. Baruch Defense Mktg., Inc.*, 1995 Va. Cir. lexis 1440, *4-5 (1995) (citing *Carstensen v. Chrisland Corp.*, 247 Va. 433, 444, 442 S.E.2d 660 (1994)). Although Plaintiff's Motion for Judgment alleges that a fiduciary duty existed, the Motion for Judgment does not provide any further support for such allegation. (Pl.'s Mot. for J. at ¶¶ 31, 45.) The Investment Agreement that Plaintiff has attached does not reflect a basis for the existence of a fiduciary duty. *Id.* at Ex. A.

On Demurrer, the Court, for the purpose of the Demurrer, assumes that Plaintiff's factual allegations are true. However, the bare assertion that a fiduciary duty existed is a legal conclusion and, for the purposes of the Demurrer, the Court does not have to accept Plaintiff's legal conclusions in

---

[1] Defendants Scott and Roberts also demurred on the grounds that they were not individually liable on the contract. (Defs.'s Dem. at & 3.) The Investment Agreement appears to indicate that both Scott and Roberts signed the Agreement and allegedly received money from Plaintiff on behalf of Hurricane. (Pl.'s Mot. for J. at Ex. A.) The Court does not consider the issue of whether Plaintiff has properly alleged sufficient facts that might justify holding Scott and Roberts individually liable when they allegedly acted as agents.

light of the fact that they did not appear to be borne out by the attached Investment Agreement.

Defendants' Demurrer is sustained with leave to the Plaintiff to amend.[2]

### Count IV: *Unjust Enrichment*

Defendants demurred to the Plaintiff's allegation of unjust enrichment on the basis that Plaintiff has "fail[ed] to state a claim under the applicable law." (Defs.' Dem. at ¶ 5.)

> To establish a count for unjust enrichment, a plaintiff must allege: "(1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value."

*Sevilla v. Del Castillo*, 28 Va. Cir. 164, 166 (1992) (quoting *Nossen v. Hoy*, 750 F. Supp. 740, 745 (E.D. Va. 1990)).

Plaintiff alleges that Defendant knowingly entered into an agreement to produce a recording and procure a recording contract for a musical group. (Pl.'s Mot. for J. at ¶¶ 13, 51.) To finance this project, Defendant asked for and received a $60,000 investment from Plaintiff. *Id.* at ¶¶ 15-17, 51. Plaintiff alleges that after receiving the investment, Defendant failed to produce an adequate recording, procure a record contract, or return the money. *Id.* at ¶¶ 19-25, 27, 52-54. The Motion for Judgment, for purposes of the Demurrer, alleges the elements for unjust enrichment. Whether Defendants' performance was adequate recompense is a disputed matter of fact that cannot be decided on demurrer.

Defendants' Scott and Blake also demurred on the grounds that they, as agents, cannot be liable. It is a long established rule in Virginia that agents are not personally liable on contracts made in the name of a principal.

> Where an agent makes a full disclosure of the fact of his agency, and the name of his principal, and contracts only as the agent of the

---

[2] Defendants also demurred on the grounds that Plaintiff was not entitled to punitive damages. However, since this cause of action was not sufficiently pleaded, the issues of damages is not considered at this point.

named principal, he incurs no personal responsibility. It is, of course, competent for the agent to bind himself personally, but the presumption is that he intends to bind only his principal, and the burden of proof is upon him who undertakes to establish the agent's personal liability.

*Richmond Union Passenger Ry. Co. v. N.Y. & Sea Beach Ry. Co.*, 95 Va. 386, 395 (1891) (citations omitted). Scott and Roberts received money on behalf of Hurricane. (Pl.'s Mot. for J. at Ex. A, ¶ 2.) They signed the Investment Agreement in Hurricane's name. *Id.* at Ex. A. Plaintiff has not in his pleadings indicated a basis to hold Scott and Roberts personally liable.

Defendant Hurricane's Demurrer is overruled, and Defendants Scott and Roberts' Demurrer is sustained with leave to Plaintiff to amend.

Count V: *Breach of Duty of Good Faith and Fair Dealing*

Plaintiff's claim for Breach of the Duty of Good Faith and Fair Dealing is without merit. The Virginia Supreme Court has held that:

"while a duty of good faith and fair dealing exists under the U.C.C. as part of every commercial contract, we hold that the failure to act in good faith . . . does not amount to an independent tort. The breach of the implied duty under the U.C.C. gives rise only to a cause of action for breach of contract.

*Charles E. Brauer Co. v. NationsBank of Va.*, 251 Va. 28, 33, 466 S.E.2d 382, 385 (1996) (citing *Cent. Sav. & Loan Ass'n v. Stemmons N.W. Bank*, 848 S.W.2d 232, 239 (Tex. Ct. App. 1992)). There is no support for such a duty, nor an independent tort based on its breach, at common law.

Defendants' Demurrer as to Count V is sustained.