# CHARLESTON.

TETER, ADM'R, *v.* TETER *et al.*

Submitted June 17, 1907.   Decided February 16, 1909.

1. SUBROGATION—*Elements.*
    Subrogation contemplates some original privilege on the part of him to whose place substitution is claimed, and where no

such privilege exists there is nothing on which the right can be based.  (p. 169.)

2.   Money Paid—*When Action Lies.*
    An action in *assumpsit* lies where one at another's request, or as that other's surety, pays or lays out money for him.  It is then an action for money paid, laid out and expended.  (p. 169.)

3.   Equity—*Jurisdiction—Establishment of Debt.*
    Ordinarily a court of law is the proper forum in which to establish a debt.  For equity to interpose, there must be something more than a mere claim or demand; there must appear some equity in relation to such claim or demand—something remedial to plaintiff that the law does not give.  (p. 170.)

Appeal from Circuit Court, Barbour County.

Bill by J. M. Teter, administrator, against W. W. Teter and others.  Decree for defendants, and plaintiff appeals.

*Modified and Affirmed.*

Wm. T. George, for appellant.

Ware & Viquesney, for appellees.

Robinson, Judge:

The bill was dismissed upon demurrer.  Plaintiff complains of such dismissal by this appeal.  Is there equity in the bill? Its substance is that plaintiff's decedent was an accommodation endorser on a joint note of defendants, made payable to him, and negotiated at a bank for their sole benefit; that the note was duly proved and decreed as a debt against decedent's estate, in a suit to subject the real estate of decedent to the payment of his debts; that the real estate was in that suit decreed to be sold for the payment of the debts, and that pursuant to the decree it was sold for a sum sufficient to pay the amount decreed against it on the note; that the sale was confirmed; that thereby the estate of plaintiff's decedent was compelled to pay the debt of defendants to the bank; that one of the defendants, joint-makers of the note, is insolvent, and the other solvent; and that in equity this solvent defendant is entitled to pay to plaintiff, on behalf of the estate for which he is administrator, the amount of the note. The prayer of the bill is that plaintiff may have decree against this solvent defendant for the amount so alleged to have been paid by the estate of plaintiff's decedent, and for general relief.

These allegations and prayer disclose no ground of equity cognizance. It is sought to justify the bill upon the doctrine of subrogation. But to what does plaintiff show himself entitled to be subrogated? If we put him in the shoes of the bank, what do we give him? The bank is paid; the debt is discharged as to it. *Bier* v. *Smith*, 25 W. Va. 831. What had the bank in connection with this debt that equity should give plaintiff for his protection or assistance? It is not shown that the bank had any peculiar rights, liens or securities in relation to the debt as against the makers of this note, or either of them, to which in equity the plaintiff has a right to be subrogated. Where is the bank's lien or security as against these defendants, or either of them, to which equity should substitute the plaintiff, in order to reimburse equitably his decedent's· estate for the amount of the debt paid by the land aforesaid? It does not appear that the bank had any right, lien or security to which plaintiff could be subrogated. We can see no application of subrogation to the case. The doctrine of subrogation does not contemplate the mere right to sue for reimbursement. Here there is nothing accompanying that right of which the plaintiff can take advantage in the hands ·of the original creditor. That mere right exists to the plaintiff, not as an equity. It exists at law. There must be something to which one can be subrogated in equity to invoke jurisdiction of the court of chancery on that ground. *Harris* v. *Elliott*, 45 W. Va. 245. "The rights acquired by a party entitled to subrogation cannot be extended beyond the rights of the party under whom subrogation is claimed. Subrogation contemplates some original privilege on the part of him to whose place substitution is claimed, and where no such privilege exists, or where it has been waived by the creditor, there is nothing on which the right can be based." 27 Amer. & Eng. Enc. of Law 206.

We see nothing in this bill but a demand for money paid, laid out and expended by the estate of the decedent for the use of the defendants. Upon plaintiff's showing, it was the debt of defendants which plaintiff's decedent was bound to pay for them; in fact the decedent was surety for them. At law there is full implied promise to repay. The law gives complete and adequate remedy to plaintiff in the premises. An action of *assumpsit* will fully avail, and there must be resort to it. 4 Cyc. 320; *Wolf*

v. *Irons,* 8 Ark. 63. "This action lies where one man at another's request, or as his surety, pays or lays out money, for him. The action is then an action for money paid, laid out and expended." Tucker's Com., book 3, page 130. And such remedy is quite as adequate, complete and efficatious as any other could be, so far as plaintiff's bill discloses. *Laidley* v. *Laidley,* 25 W. Va. 525. Wherein is there cognizance in equity? Not any more than there would be in a suit on the note itself. Ordinarily a court of law is the proper forum in which to establish debts. For equity to interpose, there must be something more than a mere claim or demand for money; some equity in relation to such claim or demand—something that the law does not give, but that is remedial to plaintiff—must be shown. What has the insolvency of one of the joint-promisors to do with the case? That insolvency in nowise retards or restricts an action at law. There could be joint judgment and joint execution, nevertheless.

The demurrer was rightly sustained. But it was not proper to dismiss the bill without saving to plaintiff the right to sue at law upon the same cause of action. *Frye* v. *Miley,* 54 W. Va. 324. The decree will now here be modified by such reservation. And as so modified, it is affirmed, with costs to appellee.

*Modified and Affirmed.*