Staunton.

GRIZZLE v. FLETCHER, ET ALS.

September 16, 1920.

1. PRINCIPAL AND SURETY—*Assignment of Joint Judgment Against Principal and Surety to Surety—Case at Bar.*—A creditor obtained a joint judgment against a principal and surety. The surety paid the judgment and took an assignment thereof and caused an execution to be issued in the name of the creditor against the principal alone, reciting that it was issued upon a judgment which had been obtained in the name of the creditor against the principal. No such judgment in fact had ever been rendered, but the surety claiming to be the owner of the joint judgment against the principal and himself, caused the execution to be issued in this form. This execution was levied on personal property belonging to the principal, who thereupon executed a forthcoming bond payable to the surety. The principal made a motion to quash the execution and forthcoming bond on the ground that no valid execution could be issued on the judgment. The trial court quashed the forthcoming bond but not the execution under which it was taken.

    *Held:* That it should have quashed both.

2. EXECUTIONS—*Purpose of Writ of Fieri Facias—Execution Must Follow Judgment—Joint Judgment.*—The purpose of a writ of *fieri facias* issued on a judgment for money is to enforce the collection of the judgment, and it must follow, in every material respect, the judgment upon which it was founded. If the judgment is a joint judgment against several, or in favor of several, the execution must be joint also. This is true even though one or more of the parties, plaintiff or defendant, has died since judgment was obtained.

3. EXECUTIONS—*Priority Among Debtors—Judgment Against Principal and Surety—Payment of Debt by Surety.*—In a common law execution of *fieri facias* the debtors are all equally bound to the creditor. There is no priority among them, and the whole execution may be made out of the property of the surety, although the principal has abundant property out of which it could be made. The surety is powerless to prevent this, be-

cause so far as he is concerned the parties are all principals. The result is that when an execution has been paid off by any one of the parties, it is satisfied.

4. JUDGMENTS AND DECREES—*Joint Judgment—Payment of Judgment.*—The payment of a judgment by any one of the judgment debtors extinguishes the judgment at law. It is a union of debtor and creditor in the same person and this operates to discharge the debt. A person cannot buy his own debt without extinguishing it. Of course, the creditor may sell the judgment to a third person, but not to one of the judgment debtors, so as to keep it alive at law.

5. JUDGMENTS AND DECREES—*Principal and Surety—Judgment Paid by surety—Subrogation.*—It is true that a judgment paid by a surety thereon will be kept alive by a court of equity for the benefit of the surety, but this arises out of the doctrine of subrogation, which is unknown to the common law. If a surety who has paid a debt, in whole or in part, wishes to subject the personal property of his principal by writ of *fieri facias*, he should proceed under what is now section 5777 of the Code of 1919, which gives him the right to recover from the principal the amount he has paid with interest from the time of payment and five per cent. damages on said amount.

6. PRINCIPAL AND SURETY—*Payment of Note by Surety—Assignment of Note to Surety.*—If there has been no judgment, but a note has been paid off by surety, the surety cannot take an assignment thereof to himself so as to enforce the note as such against his principal, but would have to rely on the implied undertaking of his principal to indemnify him.

Error to a judgment of the Circuit Court of Russell county in proceeding by motion for a judgment for money. Judgment for defendant. Plaintiff assigns error.

*Amended and affirmed.*

The opinion states the case.

*W. W. Bird,* for the plaintiff in error.

*H. A. Routh,* for the defendants in error.

BURKS, J., delivered the opinion of the court.

[1] On September 21, 1910, E. L. Smith obtained a judgment in the Circuit Court of Russell county against Walter Fletcher and A. L. Grizzle for the sum of $230.00, with interest from August 30, 1909, and costs. In the debt upon which this judgment was obtained Grizzle was surety for Fletcher. On April 2, 1912, Grizzle paid the full amount of the judgment to the attorneys for Smith, the plaintiff, and took from said attorneys and assignment of the judgment. On January 28, 1919, Grizzle, claiming to be assignee of the judgment, caused an execution to be issued from the clerk's office of Russell Circuit Court in the name of E. L. Smith against Walter Fletcher, alone, reciting that it was issued upon a judgment which had been obtained in the name of E. L. Smith against Walter Fletcher. No such judgment in fact had even been rendered, but Grizzle claiming to be the owner of the judgment first aforesaid, caused the execution to be issued in this form. This execution was levied on personal property belonging to Fletcher, who thereupon executed a forthcoming bond payable to Grizzle. Fletcher made a motion to quash the execution and forthcoming bond taken thereunder on the ground that no valid execution could be issued on such judgment. The trial court quashed the forthcoming bond but not the execution under which it was taken. It should have quashed both.

[2, 3] The purpose of a writ of *fieri facias* issued on a judgment for money is to enforce the collection of the judgment, and it must follow, in every material respect, the judgment upon which it was founded. If the judgment is a joint judgment against several, or in favor of several, the execution must be joint also. This is true even though one or more of the parties, plaintiff or defendant, has died since judgment was obtained. *Holt* v. *Lynch,* 18 W. Va. 567; *Snavely* v. *Harkrader,* 30 Gratt. (71 Va.) 487. In a common law execution of *fieri facias* the debtors are all equally bound to the creditor. There is no priority among

84

them, and the whole execution may be made out of the property of the surety, although the principal has abundant property out of which it could be made. The surety is powerless to prevent this, because so far as he is concerned the parties are all principals. The result is that when an execution has been paid off by any one of the parties it is satisfied. The same is true of a judgment. In *Manson* v. *Rawlings* 112 Va. 384, 71 S. E. 564, it is said: "In general the liability of the surety to the creditor is the same as that of the principal, but the responsibility of both is primary; and, at law, the creditor rests under no obligation to look to the principal or to his property or to exhaust his remedies against him before resorting to the surety. He may collect his debt out of either." As said in *Simmons* v. *Lyles*, 32 Gratt (73 Va.) 752, 763, "When the surety pays the debt, the lien of the execution is gone." The writ has become *functus officio*. There is nothing of value left in the creditor, so far as the execution is concerned, which he can assign to anyone. If he should sue out a new execution against the principal only, it would be quashed on a motion of the defendant because it did not conform to the judgment; and also because the judgment had been satisfied by a party primarily liable therefor. So also, if the creditor sued out the execution against both of the parties, it would be quashed because it had been satisfied.

[4-6] The payment of a judgment by any one of the judgment debtors extinguishes the judgment at law. It is a union of debtor and creditor in the same person and this operates to discharge the debt. A person cannot buy his own debt without extinguishing it. Of course, the creditor may sell the judgment to a third person, but not to one of the judgment debtors, so as to keep it alive at law. It is true that a judgment paid by a surety thereon will be kept alive by a court of equity for the benefit of the surety, but this arises out of the doctrine of subrogation, which is unknown

to· the common law. If a surety who has paid a debt, in whole or in part, wishes to subject the personal property of his principal by writ of *fieri facias,* he should proceed under what is now section 5777 of the Code, which gives him the right to recover from the principal the amount he has paid with interest from the time of payment and five per cent. damages on said amount. He cannot proceed in the manner undertaken in this case. The judgment being satisfied at law, no valid execution can be issued thereon. Indeed, if there had been no judgment, but the note had been paid off by the surety, he could not take an assignment thereof to himself so as to enforce the note as such against his principal, but would have to rely on the implied undertaking of his principal to indemnify him. In *Kendrick* v. *Forney,* 22 Gratt. (63 Va.) 748, 753, it is said, "the court is, therefore, of opinion that Richards, having paid the debt of Forney to Kendrick, for which he was bound in a joint and several obligation as surety for Forney, in the lifetime of his principal, the said obligation was thereby discharged, and the surety cannot take an assignment of it, but that he has a claim on Forney, his principal, for indemnity, *i. e.,* for the amount he paid the obligee and for that only."

In *Conrad* v. *Buck,* 21 W. Va., at page 410, it is said by Judge Snyder, delivering the opinion of the court: "And it is well settled that where a surety pays a debt of his principal, which is evidenced by a bond, the surety is not substituted to the rights of the creditor so far as to make him a bond creditor. *The payment completely discharges and destroys the bond,* and leaves the surety to his remedy on his account for money paid for the use of his principal. The only contract available to the surety after such discharge of the bond is an implied promise that the debtor will repay him the amount so paid for his use." (Italics supplied.)

In 2 Bart. Law Pr. (2d ed.), p. 783, it is said: "A surety in a judgment can never issue an execution against the

principal debtor without the consent of the execution creditor when he has not paid the debt; and although having paid such a debt the surety is always subrogated in equity to all the rights of the creditor against the principal debtor, *it does not follow that he may at law sue out an execution for the debt which he has paid off*, until he shall have proceeded by motion in the way provided by the statute. It is not unusual in practice for a surety who pays off an execution against the principal debtor and himself, to take an assignment of it; *but it is difficult to understand how, if the debt is paid off and consequently the execution at law satisfied, the surety can make it alive again at law by taking an assignment of it.*"    (Italics supplied.)

For the reasons hereinbefore stated, the judgment of the Circuit Court of Russell county will be amended by quashing the execution sued out on the judgment, and as thus amended it will be affirmed.

*Amended and affirmed.*