# Richmond

GUY E. LOUGH v. J. LEE PRICE AND HOWARD E. DIX

AND

NANCY ELIZABETH LOUGH, BY HER NEXT FRIEND v. J. LEE
PRICE AND HOWARD E. DIX.

January 11, 1934.

Present, All the Justices.

The opinion states the case.

*Emery N. Hosmer* and *Bryan Gordon*, for the plaintiffs in error.

*Clarence R. Ahalt* and *Frank L. Ball*, for the defendants in error.

GREGORY, J., delivered the opinion of the court.

This writ of error brings to this court the record in the two cases named above, which, by consent of all parties, were consolidated and heard together in the trial court.. There were two trials of the cases below and the last one resulted in verdicts and judgments for both defendants. The proceedings of the second trials will not be considered, as we have no record of those trials. All of the assignments of error are directed to the rulings. of the court in the first trials.

Nancy Elizabeth Lough, an infant three years of age, was struck and injured in the street in front of her home by an automobile which was owned by J. Lee Price and which was being driven at the time by Howard E. Dix. She, by her father as next friend, instituted by notice of motion for judgment her action against both Price and Dix for damages for the injuries she sustained and alleged that at the time of the accident Dix was operating the automobile as agent or servant of Price. Guy E. Lough, the father of the infant, instituted his own separate and independent action by notice of motion for judgment against both of the same defendants seeking to recover damages, for the loss of services of his daughter and the hospital and other medical expense that had been rendered necessary in order to restore his child to health.

Dix filed a plea of the general issue and denied all of the various charges of negligence which had been alleged against him in the two notices. Price denied that Dix was operating the automobile at the time as his agent or servant, filing the proper affidavit under the statute. He also denied that the injuries to the child were the proximate result of any negligence on the part of Dix.

As previously stated, the two cases were tried together before the same jury, and the jury, after hearing all of the evidence and after being fully and properly instructed on the law of the case and the issues to be decided, returned to the court the following verdicts which were noted on the respective notices of motions:

"We find in favor of the plaintiff and that Howard Dix

was in the employee of J. Lee Price. We find in the amount of actual expenses $364.75—three hundred sixty-four and 75/100 dollars." (Signed) "Paul Alvey, Foreman."

"We find in favor of the plaintiff and that Howard Dix was in the employee of J. Lee Price. We find in the amount of one thousand ($1,000.00) dollars as damage for wrongs and injuries suffered by Nancy E. Lough." (Signed) "Paul Alvey, Foreman."

The verdict first above set out was in favor of Guy E. Lough for the hospital and medical expense and the latter verdict was in favor of the infant, Nancy Elizabeth Lough, for her personal injuries.

When these verdicts were read by the court and before they were accepted and before the jury was discharged, counsel for the plaintiffs moved the court to render judgments upon the verdicts against both defendants, but this motion was overruled and over the objection of the plaintiffs the court instructed the jury to retire and return with its verdicts, "against one or the other of said defendants or both," to which instruction the plaintiffs timely objected. The trial court at this time evidently thought that the evidence fully sustained verdicts in favor of the plaintiffs or otherwise it would not have directed the jury to find verdicts against one or the other or both defendants and fail to direct them that they could find in favor of either or both defendants. However, the jury again returned after finding the following verdicts:

"We find in favor of plaintiff and that Howard Dix was in the employee of J. Lee Price. We find in the amount of actual expenses $364.75—three hundred sixty-four and 75/100 dollars against J. Lee Price." (Signed) "Paul Alvey, Foreman."

"We find in favor of plaintiff and that Howard Dix was in the employee of J. Lee Price. We find in the amount of one thousand ($1,000.00) dollars as damage for wrongs and injuries suffered by Nancy E. Lough against J. Lee Price." (Signed) "Paul Alvey, Foreman."

It will be noted that the only changes made in the former verdicts were the addition of the words "against J. Lee Price" at the end of each verdict. When the court read these last two verdicts and before they were accepted, the plaintiffs moved the court to amend them to conform to the findings against the defendant, Howard E. Dix, because the verdicts showed that the jury had found against Price, the principal or master, in favor of the plaintiffs; that they had also found that Dix was the agent or servant of Price at the time; that they of necessity must have found that Dix was guilty of such negligence as was the proximate cause of the injury to the infant, and that they had found that the infant was entitled to damages "for wrongs and injuries suffered by Nancy E. Lough." This motion of the plaintiffs was also overruled by the court and then the court asked the foreman of the jury whether they intended the verdict to be against one or both of the defendants and he replied that the jury had found against Price, but not against Dix. The court then expressed the opinion that the verdicts were findings in favor of the defendant, Dix. The verdicts were accepted and the jury discharged.

Thereupon the plaintiffs moved the court to set aside the verdicts in favor of Dix and to enter judgment against him as well as against Price on the ground that (1) the court had erroneously instructed the jury that they could find against "one or the other of the said defendants or both," when as a matter of law they could have found only against one (Dix) or both (Dix and Price), but they certainly could not have found against Price alone, who was the master or principal, and upon the ground (2) that the verdicts were against the evidence, because it was clearly shown that the child was injured by reason of the negligent operation of the automobile by Dix; that he was the servant of Price; that her injuries were of a serious nature; that she, under the law, could not have been guilty of contributory negligence, and that

the damages found were fully supported by the evidence. This motion was also overruled by the court.

The defendant Price then moved to set aside the verdicts as to him because no finding could stand against him, under any circumstances, except and unless such finding were predicated upon the negligence of his servant or agent, Dix, and inasmuch as the jury had found in favor of Dix, they could not find against him (Price). The court took that view of the case, set aside the verdicts and ordered that the defendants, both Dix and Price, be granted a new trial, to which the plaintiffs objected and excepted.

Upon the new trial, the jury found in favor of both defendants, whereupon the plaintiffs renewed their motions which had already been made, but they were also overruled and judgments were entered in favor of the defendants upon the verdicts in the second trials.

The record and proceedings in the second trials not being before us, it is only necessary that we review the record and proceedings in the first trials, and, if there appear to be no reversible error in the first trials the judgments in the cases must be affirmed. On the other hand, if the court in the first trials committed prejudicial error against the plaintiffs, then it will be our duty to correct that error and enter judgment against both defendants, which, of course, will result in setting aside and nullifying all of the proceedings in the second trials.

There are numerous assignments of error, but we will not attempt to deal with all of them. In our opinion there were two prejudicial errors committed against the plaintiffs in the first trials and briefly stated they were these: (1) The court was in error when it instructed the jury that they could find verdicts "against one or the other of said defendants or both," under the evidence in these cases, and (2) the court should have sustained the motion of the plaintiffs, set aside the verdicts rendered in favor of Dix because they were not supported by the evidence and should have entered a final judgment

against him along with Price. A new trial was not warranted.

The plaintiffs in error have dwelt at great length upon what they contend were the first verdicts. They have been quoted in full and upon a consideration of the language used it seems clear that if the court had accepted those verdicts, they would have been sufficiently clear and definite for the entry of judgments thereon in favor of the plaintiffs against both defendants. But the court thought the jury had not made it clear whether they had intended that one or the other or both defendants were to be held liable, so the jury was returned to the jury room to ascertain this fact definitely.

Our conclusion is that inasmuch as the first verdicts were not accepted by the court, they were not the findings of the jury.

The error of the court consisted in instructing the jury that they could find against one or the other of the defendants or both. There could have been under the evidence in each of these cases a verdict against Dix alone, or against Dix and Price jointly, but no verdict could have been sustained solely against Price, and when the verdicts were finally rendered against Price alone the court properly set them aside.

In the recent case of *Barnes* v. *Ashworth,* 154 Va. 218, 153 S. E. 711, it was held that where a master and his servant are sued together for the same negligence and the master's liability rests solely upon the servant's misfeasance or malfeasance, a verdict which in terms finds for the servant and against the master or is silent as to the servant and finds against the master should be set aside.

In the case at bar when the verdicts were finally rendered against Price, alone, and not against Dix, the court set them aside, as it should have done, but under Code, section 6251, final judgments should have been entered in favor of the plaintiffs against both defendants for the amounts found due the plaintiffs; that is, $1,000.00 to the infant child for her injuries and $364.75 to the father for

the medical expense made necessary to restore the child. Under the evidence the trial court was not justified in awarding a new trial.

Code, section 6251, provides, among other things, that "When the verdict of a jury in a civil action is set aside by a trial court upon the ground that it is contrary to the evidence, or without evidence to support it, a new trial shall not be granted if there is sufficient evidence before the court to enable it to decide the case upon its merits, but such final judgment shall be entered as to the court shall seem right and proper." In the cases at bar the great preponderance of evidence showed that the plaintiffs were entitled to recover. It showed that the servant, Dix, was guilty of actionable negligence in operating his master's (Price's) automobile; that the infant could not have been guilty of contributory negligence; that the damages as ascertained were reasonable; and that upon the merits the trial court should have decided the cases and rendered final judgments against both Dix and Price, without granting new trials. *Standard Oil Co.* v. *Davis,* 157 Va. 709, 162 S. E. 29.

When this court reviews the action of the trial court upon these writs of error it does so under Code, section 6365, which provides in part that when the judgment is reversed the court shall enter such judgment as to it shall seem right and proper, and shall render final judgment upon the merits whenever, in the opinion of the court, the facts before it are such as to enable the court to attain the ends of justice. This section necessarily requires that the appellate court, in appropriate cases, must pass upon the weight of the evidence, in order to attain the ends of justice.

In these cases the preponderance of the evidence shows that the plaintiffs are entitled to recover against both defendants; therefore the verdicts against Price rendered in the first trial will be reinstated, the verdict returned in that trial in favor of Dix will be reversed and final judgments entered here against both Dix and Price—one in

favor of Nancy Elizabeth Lough for $1,000.00, and the other in favor of Guy E. Lough for $364.75.

*Reversed.*

HUDGINS, J., dissenting:

I do not agree with the majority of my associates as expressed in the foregoing opinion. Briefly, my position is as follows:

When the first verdicts set out in the majority opinion were returned by the jury they were not accepted by the court. The conclusions of the jury were not clearly stated and it was the duty of the trial judge to ascertain just exactly what they meant before discharging them. As was stated in *Bino* v. *Veenhuizen,* 141 Wash. 18, 250 Pac. 450, 451, 49 A. L. R. 1297:

"All too often questions arise upon the true construction of verdicts, even those that are only informal and defective, and appeals result. It is to the interest of clients, counsel and the courts to have verdicts returned in such form as to obviate perplexing questions arising therefrom. The trial court out of an abundance of caution desired to have the verdict in proper form. His action, therefore, should be commended rather than frowned upon.

\*        \*        \*        \*        \*        \*        \*        \*

"A juror, after agreeing to a verdict, may, when the jury is polled and his name called, refuse to assent to the verdict, although within the jury room he has assented. \* \* \* In such a case the jury may be sent out to further deliberate. Until a verdict is reached and the jury discharged its action is not final."

After the court had read the first findings of the jury and had further instructed them they returned to their room and found verdicts against one defendant, only. Again the judge endeavored to find out exactly what they meant and was told by the foreman in no uncertain terms, in the presence of the other members of the jury and

before they were discharged, that they intended to find verdicts against the master and not against the servant, which verdicts the court accepted.

If we concede that the court committed error when he told the jury that they should return to their room and find verdicts "against one or the other of said defendants, or both," then the plaintiffs were entitled to a new trial, which they have had, and which they admit was a fair trial, though the verdicts were against them.

I therefore think that the judgments of the trial court should be affirmed.

EPES, J., concurs in this dissent.