### RICHARD F. McLAUGHLIN v. ALEX SIEGEL.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*John Joseph Baecher,* for the plaintiff in error.

*Nathaniel T. Green* and *Reuben E. Spandorfer,* for the defendant in error.

Hudgins, J., delivered the opinion of the court.

Richard F. McLaughlin, while riding in an automobile operated by Alex Siegel, a servant of S. Jurin, received certain personal injuries. In a joint action against the master and servant McLaughlin was awarded a joint judgment for $2,000. He settled with Jurin, the master, and caused the following memorandum to be made on the appropriate page of the judgment docket:

"October 15, 1934. For value this judgment is hereby released as to judgment debtor, S. Jurin, but not as to judgment debtor Siegel."

Subsequently the trial court, on motion of Alex Siegel, and over objection of McLaughlin, ordered the judgment to be released as to Siegel. To that order McLaughlin obtained this writ of error.

The question presented is: Does the satisfaction by the master of a joint judgment obtained in a tort action

against him and his servant, operate as a release of the judgment as to the servant?

McLaughlin contends that inasmuch as the servant has no right to contribution from the master, for any sum paid by him to third parties for damages inflicted by his tortious act, a release of the master by such third party should not operate as a release of the servant.

In some jurisdictions it is not permissible to join, in the same action, the master who is liable, on the theory of *respondeat superior,* with the servant who committed the tortious act. Cases so holding are cited in a footnote, 18 R. C. L. 780; R. C. L. Per. Sup., vol. 6, p. 4553; 39 C. J. 1314; Burks' Pleading and Practice (3d Ed.) p. 123.

"These courts say that while the master is answerable for the acts or omissions of his servant on the ground of *respondeat superior,* the negligence of the servant is neither in fact nor in legal intendment the joint act of the master and the servant. A more liberal view, however, is taken by a majority of the courts, employer and employee being deemed to be jointly liable and jointly suable for the employee's wrongful act. The servant is liable because of his own misfeasance or wrongful act, in breach of his duty so to use that which he controlled as not to injure another. The master is liable because he acts by his servant, and is, therefore, bound to see that no one suffers legal injury through the servant's wrongful act done in the master's service within the scope of the agency. Both are liable jointly, because from the relation of the master and servant they are united or identified in the same tortious act resulting in the same injury.' " 18 R. C. L. 780.

■ While the specific point does not seem to have been raised in Virginia, the practice is to permit the injured party to maintain a joint action against such defendants. *Singer Mfg. Co.* v. *Bryant,* 105 Va. 403, 54 S. E. 320; *Ivanhoe Furnace Corp.* v. *Crowder's Adm'r,* 110 Va. 387, 66 S. E. 63; *Dalby* v. *Shannon & Florence,* 139 Va. 488, 124

S. E. 186; *Barnes* v. *Ashworth*, 154 Va. 218, 153 S. E. 711; *Lough* v. *Price and Dix*, 161 Va. 811, 172 S. E. 269.

■ While Jurin and Siegel may not be joint tort-feasors in the strict sense, their liability to McLaughlin is joint and several, and in this jurisdiction, so far as he is concerned, the same principles are applicable. See Kinkead's Commentaries on Torts, p. 125; 50 A. L. R. 1099.

As a general rule, at common-law, where one of several joint tort-feasors was compelled to pay damages for a tort, he was not entitled to contribution from other wrong-doers who participated in the commission of the wrongful act. The reason for the rule was that it was considered against public policy to adjust equities between wrongdoers, or to allow a litigant to base an action on his own wrongful act. This rule is now modified by Code, section 5779.

■ There are numerous exceptions to the rule, one of which is that where a party is only a technical wrong-doer, and did not actually participate in the wrongful act, such party, on being compelled to pay damages to the injured party, is entitled to contribution or indemnity from the actual wrongdoer. Under this exception, the master, under certain circumstances, is entitled to contribution from the servant; and the servant under certain other circumstances is entitled to contribution from the master. An illustration of this liability of the master for contribution to the servant is where the servant was blamelessly ignorant of the unlawful, or illegal nature of the act which produced the injury, and committed the tortious act under the direction of the master who had full knowledge of its illegality.

■ It is not the relationship of the several wrongdoers among themselves, which is the foundation for the rule that a release of one wrongdoer releases all others from liability for the same wrong, it is the fact that the injured party is entitled to but one satisfaction for the same cause of action. It is well settled in this jurisdiction that a release of one jointly liable for a wrong will operate as a

release of all other wrongdoers liable for the same injury. This is true even if the release itself contains a statement reserving the right of action against other wrongdoers. *Bland* v. *Warwickshire Corp.*, 160 Va. 131, 135, 168 S. E. 443, 444.

The facts in the above case were that Anne Bland was injured while riding in an automobile operated by John A. Spanogle, an agent or servant of the Warwickshire Corporation. For the injuries sustained she accepted the sum of $2,500 from the servant, and executed a release, not under seal, in which it was expressly stated that she reserved the right to sue the master, and in the event Spanogle was required to make contribution to the master, she agreed to indemnify him to the extent of the $2,500 paid. In delivering the opinion the late Mr. Justice Epes said:

"The sole question presented for consideration here is whether an absolute release *not under seal* of one joint tort-feasor, which contains a reservation of the rights of the injured party against the other joint tort-feasors, operates as a release of all the joint tort-feasors. In *Ruble* v. *Turner*, 2 Hen. & M. (12 Va.) 38, this question was authoritatively answered in the affirmative; and the holding of this case from that time to the present has been accepted as the settled doctrine in Virginia. See *Wilkes* v. *Jackson*, 2 Hen. & M. (12 Va.) 355; *Wells* v. *Jackson*, 3 Munf. (17 Va.) 458, 459; *Brown's Adm'r* v. *Johnson*, 13 Gratt. (54 Va.) 644; *Petticolas* v. *City of Richmond*, 95 Va. 456, 28 S. E. 566, 64 Am. St. Rep. 811. See also, *McBride* v. *Scott*, 132 Mich. 176, 93 N. W. 243, 61 L. R. A. 445, 102 Am. St. Rep. 416, 1 Ann. Cas. 61.

"There is much conflict of authority on this point in other States (see note, 50 A. L. R. 1057; Cooley on Torts (Students' Ed.) section 43; 6 Thompson on Neg., section 7381; Burks' Pl. & Pr. (2d Ed.) p. 6); but, after a careful review of the question, the court is of opinion that the doctrine laid down in *Ruble* v. *Turner*, *supra*, should be adhered to."

In England, and formerly in this jurisdiction, a judgment without satisfaction, against one tort-feasor operated as a release of all other tort-feasors liable for the same wrong. "Such a judgment is deemed in law a satisfaction of the plaintiff's claim, so far as the other tort-feasors are concerned, or a final election to proceed against that wrongdoer alone, is a discharge of the others and a bar to any further action against them for that cause of action." *Staunton Mut. Tel. Co.* v. *Buchanan,* 108 Va. 810, 814, 62 S. E. 928, 930. See also, *Petticolas* v. *City of Richmond, supra.*

This rule, taken from the English courts, did not meet with the approval of the Federal courts, *Lovejoy* v. *Murray,* 3 Wall. 1, 18 L. Ed. 129, nor with the approval of the majority of the courts in other States of the Union. In this Commonwealth it was strictly applied from 1802, when *Wilkes* v. *Jackson, supra,* was decided, until the adoption in 1919 of Code, section 6264, reading: "A judgment against one of several joint wrongdoers shall not bar the prosecution of an action against any or all of the others, but the injured party may bring separate actions against the wrongdoers and proceed to judgment in each, or, if sued jointly, he may proceed to judgment against them successively until judgment has been rendered against, or the cause has been otherwise disposed of as to, all of the defendants, and no bar shall arise as to any of them by reason of a judgment against another, or others, until the judgment has been satisfied. If there be separate judgments against different defendants for a joint wrong, the plaintiff shall elect which of them he will prosecute, but the payment or *satisfaction of any one of such judgments shall be a discharge of all,* except as to the costs." (Italics supplied).

If McLaughlin, as he had a right to do, had obtained separate judgments against each, for the injuries sustained, and had elected to prosecute his judgment against the master, satisfaction of the judgment by him would have discharged the judgment against Siegel. Does

the fact that McLaughlin elected to prosecute a joint action and obtain a joint judgment against all the tort-feasors change the relation of the parties? We think not.

In *Dulaney* v. *Buffum,* 173 Mo. 1, 73 S. W. 125, 129, this is said: "If in this case plaintiffs had elected to sue the defendants separately, and had recovered separate judgments, and acknowledged satisfaction as to one of the judgments, it would have operated a complete bar to the enforcement of the other. The same principle is applicable whether the satisfaction is received before the judgment or subsequent."

Judge Lewis in *Courtney* v. *Beale,* 84 Va. 692, 694, 5 S. E. 708, 709, said: "The character of the liability is not changed by merger into a judgment." See also, *Boynton* v. *Ball,* 121 U. S. 457, 7 S. Ct. 981, 30 L. Ed. 985; *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S. 265, 8 S. Ct. 1370, 32 L. Ed. 239; *Freeland* v. *Williams,* 131 U. S. 405, 9 S. Ct. 763, 33 L. Ed. 193.

In *Gunther* v. *Lee,* 45 Md. 60, 24 Am. Rep. 504, Judge Alvey observed that, "All the cases, both English and American, maintain the doctrine that satisfaction from one joint tort-feasor, whether received before or after recovery, extinguishes the right as against the others."

We held in *Fitzgerald* v. *Campbell,* 131 Va. 486, 109 S. E. 308, 27 A. L. R. 799, that the payment to the sheriff of an execution issued without direction of plaintiff who had obtained a judgment against one of several tort-feasors, was not a bar against other tort-feasors who participated in the wrong. At page 492 of 131 Va., at page 310 of 109 S. E., in the opinion this is said: "Without some affirmative action on the part of the plaintiff, such as suing out of the execution, or receiving the money collected by the sheriff under it, or the like, actually accepting or in some way binding the plaintiff to accept such money, 'in satisfaction of the wrong done' * * * the plaintiff cannot be said to have ever exercised his right of election given him by the statute * * *. Until such right of election was ac-

tually exercised by the plaintiff in some way, it remained unaffected by whatsoever else may have occurred.

.* * * * * * * * * *

"Following these rules to their final analysis, it is evident that the satisfaction which the law says shall bar further recovery must be such as shall be voluntarily accepted by the plaintiff."

In a note to this case in 27 A. L. R. 806, this is said: "The general theory expressed in the foregoing cases finds support in a practically uniform line of authorities holding that the acceptance of satisfaction of a judgment against one of two or more joint tort-feasors is a bar to any further proceedings against the other tort-feasors, except for costs." See *Berkley* v. *Wilson*, 87 Md. 219, 39 A. 502; *Adams* v. *Southern Pacific Co.*, 204 Cal. 63, 266 P. 541, 57 A. L. R. 1066; and note, 65 A. L. R. 1091. The question of costs was not raised in the lower court nor alluded to in the argument before this court.

"His acceptance of satisfaction of the judgment recovered has the same effect as a release. It extinguishes his cause of action against other tort-feasors liable for the same injury and bars action against them. * * * This is true, though the wrongdoers are severally, rather than jointly, liable for the injury. *Cleveland* v. *Bangor*, 87 Me. 259, 264, 265, 32 A. 892, 47 Am. St. Rep. 326." *Wells* v. *Gould et al.*, 131 Me. 192, 160 A. 30, 31.

It follows that the mutual rights of the several tort-feasors, as to each other, and their respective rights against McLaughlin are not affected by the fact that one joint judgment had been obtained against them.

This court, in an opinion delivered by Judge Burks, in *Grizzle* v. *Fletcher*, 127 Va. 663, 105 S. E. 457, 458, held that there could be no assignment to the surety of a joint judgment, obtained against a principal and surety, that would keep a judgment alive against the principal, on the theory that there was no priority among the judgment debtors. The execution creditor had a right to have the execution paid by either party, and the surety was power-

less to prevent this. After the debt had been settled by one of the parties primarily liable, the judgment and the execution were satisfied. "If he (the surety) should sue out a new execution against the principal only, it would be quashed on a motion of the defendant because it did not conform to the judgment, and also because the judgment had been satisfied by a party primarily liable therefor. So also, if the creditor sued out the execution against both of the parties, it would be quashed because it had been satisfied."

It is true that the result reached in the above case has been changed by amendments to section 5777 of the Code, but the facts do not bring this case within the provisions of the statute as amended.

*Affirmed.*