# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

Aetna Casualty and Surety Company v. Irving Whaley, Margaret Whaley and Harry Piper.

June 12, 1939.

Record No. 2071.

Present, All the Justices.

The opinion states the case.

*Jones & Woodward,* for the plaintiff in error.

*J. S. Ashworth,* for the defendants in error.

GREGORY, J., delivered the opinion of the court.

The Aetna Casualty and Surety Company, plaintiff in error here and plaintiff in the lower court, instituted an action at law against Irving and Margaret Whaley and Harry Piper, upon a Tennessee judgment alleged to have been assigned to it. It was unsuccessful, and from an adverse judgment secured this writ of error.

The facts are not in dispute. On June 14, 1930, the Court of Appeals of Tennessee entered judgment against Irving Whaley, Margaret Whaley, Harry Piper and Aetna Casualty and Surety Company in favor of E. M. Miller, Receiver. The judgment in the sum of $539.89 was founded upon an injunction bond, and on June 10, 1931, was paid in full by the plaintiff in error. It received a purported assignment of the judgment from the attorney of the judgment creditor.

On February 21, 1938, nearly eight years after the judgment had been obtained, the plaintiff in error secured the issuance of an execution thereon in the name of Miller, Receiver, against Irving Whaley, Margaret Whaley and Harry Piper, and it was levied upon real estate in Tennes-

see which stood in the name of the Whaleys. The Tennessee court sustained a motion to quash the execution upon the grounds, as stated in the opinion of Judge Floyd Roberts of the Virginia trial court, that the assignment was not valid and that the judgment had been paid and satisfied. The present action was then instituted in the Corporation Court of the city of Bristol upon the foreign judgment.

Many defenses were interposed, among which was a plea of *res adjudicata* in which it was specified that upon the motion to quash the execution in Tennessee the judgment necessarily was held to have been paid and no appeal was taken from that holding. A plea of the statute of limitations was filed, and the assignment was attacked for want of authority in the attorney for the judgment creditor to assign it and also for failure to give notice of the assignment as is required by the Tennessee law.

At the end of the trial in the lower court and after the decision against it, the plaintiff moved that the case be transferred from the law side to the equity side of the court in order that it might enforce its claimed right to subrogation but this motion was also denied.

No exception was taken to that portion of the order in which the plaintiff was denied a judgment and it is not made an assignment of error. The refusal of the court to transfer the case to the equity side and to treat the notice of motion as a bill in equity for the purpose of permitting the plaintiff to enforce subrogation is the sole ground of complaint in this court.

It is thus seen that the plaintiff, who claimed it was the assignee of a judgment which had been recovered in Tennessee and was unenforceable there by execution, instituted an action at law thereon in the Corporation Court of Bristol, Virginia. At the end of the trial it was met with several defenses which barred its action at law. Thereupon, plaintiff's counsel abandoned the law action and asked that the case be transferred to the equity side and that the notice of motion be treated as a bill in equity. Counsel for the plaintiff made this request because he believed that the plaintiff

was entitled to enforce subrogation in the Virginia court against the defendants by reason of having paid the judgment in Tennessee in its capacity as surety, even though it had no Virginia judgment.

The plaintiff is not now seeking a domestic judgment upon the Tennessee judgment. As we have seen, it has changed its position and now only asks to be allowed to enforce subrogation against the defendants in Virginia even though it has no judgment in this State.

The plaintiff, having no judgment in Virginia, is, at most, only a common, unsecured creditor. Of course, the Tennessee judgment even if enforceable there, would not be a lien in this State until a Virginia judgment had been recovered thereon. In that event the lien would attach as an incident of the Virginia judgment and not by reason of the Tennessee judgment. Black on Judgments, section 417.

The sole assignment of error limits us to a decision of the single question: Is the plaintiff entitled to subrogation in Virginia to a judgment rendered in Tennessee, which cannot be enforced there by execution and which has not been reduced to judgment in Virginia?

Professor Lile in his notes on Equity Jurisprudence, at page 164, defines subrogation in this lucid manner: "Whenever one person is compelled to pay a debt or discharge an obligation *for which he is only secondarily liable, in person or in property,* and hence has *recourse over against the person or the property primarily liable,* for exoneration or contribution, a court of equity will subrogate the person thus secondarily liable to the position of the *creditor whom he has satisfied,* as to every *lien, preference or other special advantage* possessed by the latter at the time of such payment."

At law, payment of a debt by a party to the obligation, principal or surety, discharges the debt and all liens securing it. The surety who pays the debt has a right of action against the principal on an implied contract for exoneration. *Grizzle* v. *Fletcher,* 127 Va. 663, 105 S. E.

457; *Greenbrier Valley Bank* v. *Holt,* 114 W. Va. 363, 171 S. E. 906. See also, Annotation 71 A. L. R. 300.

■ In equity the rule is different. The debt is treated as still subsisting and the surety stands in the shoes of the creditor, entitled to the same rights the creditor was entitled to. Lile's Notes on Equity Jurisprudence, page 166.

■ Mr. Lile, at page 167, says: "Where the original claim paid by the surety is not a *lien* on any property of the principal, and the creditor occupies with respect to the claim no *special coign of advantage,* equity will not subrogate— or, otherwise expressed, *equity will not place the surety in the shoes of the creditor, when the surety's position in his own shoes is as advantageous as if he were in the creditor's shoes.*

■ "Thus, where a surety pays an ordinary, unsecured claim, like a bill or note, there is no special advantage to him in being subrogated to the creditor's place, and his remedy is ordinarily at law in *assumpsit* against his principal or his co-surety, on the implied contract to exonerate or contribute.

■ "But if there be collateral security, or other lien, or *other advantage to be gained by the subrogation*—in short, if the creditor occupies a special vantage ground—then there may be subrogation.

"Thus, if the debt paid by the surety be a judgment or execution debt—or one secured by mortgage, pledge or other lien or if it be payable in gold with paper money at a discount—or if it be a preferential debt (as, for instance, due the United States, in administration proceedings)— then equity places the surety who has satisfied the creditor in the latter's shoes, with all the advantages that the creditor would have possessed, had the creditor himself, instead of the surety, been prosecuting the claim against the principal."

■ In the case at bar the plaintiff has never had a judgment or a lien on any property or any securities of the defendants in Virginia and "it occupies with respect to the claim no special coign of advantage." The original creditor, Miller, Receiver, likewise has had no judgment or lien in Virginia on any property and his position here has been

only coequal with that of the plaintiff. The latter's position "in his own shoes is as advantageous as if he were in the creditor's shoes." Therefore, there can be no subrogation to the creditor's rights. In Virginia the plaintiff and Miller, Receiver, the Tennessee judgment creditor, stand on the same footing. Until they or one of them obtains a Virginia judgment, they are both common unsecured creditors. *Teter* v. *Teter,* 65 W. Va. 167, 63 S. E. 967; *Snowden* v. *Thompson,* 98 W. Va. 77, 126 S. E. 405.

▮ If it be assumed that the plaintiff had a valid and enforceable judgment and was otherwise entitled to be subrogated thereto, an additional reason which might be urged for withholding relief is that Code, section 6475, provides that proceedings to enforce subrogation must be instituted within five years after the right accrues. Here the right accrued when the plaintiff paid the judgment, as surety, on June 10, 1931, and if plaintiff were entitled to subrogation, the time for enforcing it under our statute expired on June 10, 1936. The notice of motion filed in the present case and which is sought to be treated as a bill in equity for the purpose of enforcing subrogation was not filed until April 14, 1938, nearly two years after the expiration of the five year statute of limitation.

It might be argued that the Tennessee law would apply rather than our statute of limitation, inasmuch as the right to subrogation accrued, if at all, in Tennessee. The answer is that the effort to enforce subrogation, for the first time, was made in the Virginia court, and the Virginia statute of limitation, being remedial in its nature and affecting only a procedural matter, would apply. 11 Am. Jur., Conflict of Laws, section 205, page 525.

The judgment is affirmed.

*Affirmed.*