## CIRCUIT COURT OF ALLEGHANY COUNTY

Everette S. Hostetter

    v.

Pilot Freight Carriers, Inc.

    v.

Westvaco Corp.

January 16, 1979

By JUDGE ROSCOE B. STEPHENSON, JR.

Before the court for decision at this time is the demurrer of Westvaco Corporation to the Third-Party Motion for Judgment filed by Pilot Freight Carriers, Inc.

In this action, the plaintiff, Everette S. Hostetter (hereinafter called "Hostetter"), seeks damages from the defendant, Pilot Freight Carriers, Inc. (hereinafter called "Pilot"), for personal injuries allegedly sustained when Hostetter, an employee of Westvaco Corporation (hereinafter called "Westvaco"), was loading a Pilot truck-trailer and certain sheets of plywood inside the trailer allegedly fell and struck him. Pilot was the carrier and Westvaco was the shipper. Hostetter contends that Pilot negligently failed to properly secure certain "skids" on which the sheets of plywood were stacked and that as a result the plywood fell and struck him causing the injuries of which he complains.

Pilot, by its grounds of defense, denies it was negligent and asserts that Hostetter's injuries were caused solely by his negligence or by the negligence of Westvaco, acting through its other employees. Pilot also asserts

that Hostetter was guilty of contributing negligence or assumption of risk.

Pilot, as a third-party plaintiff, has filed a third-party motion for judgment against Westvaco for indemnity. In it, Pilot alleges two separate theories of indemnity. In paragraph 6 of its third-party motion for judgment Pilot alleges that "even if it was guilty of . . . negligence, Pilot takes the position that it would be entitled to indemnification against Westvaco for all sums Hostetter might recover against Pilot, on the basis (1) that the gravity of the fault of Westvaco, in failing to fulfill its duties of inspection of the trailer, the loading of the trailer, and the supervision of loading of the trailer in a reasonable, proper and workmanlike manner is so great as to throw the entire loss upon Westvaco and require that it indemnify Pilot, and/or (2) that any negligence of Pilot was merely passive, while the negligence of Westvaco was active, entitling Pilot to indemnity from Westvaco, and/or (3) that Pilot is entitled to at least partial indemnity from Westvaco on the theory of 'relative fault'."

Pilot's second theory for indemnity is based upon implied contractual indemnity. This contention is set forth in paragraphs 5 and 7 of its third-party motion for judgment. Paragraph 5 states:

> Pilot alleges further that pursuant to Rule No. 568 of the National Motor Freight Tariffs, and other rules and regulations of the Interstate Commerce Commission, all of which have the force and effect of law, and all of which provisions form a part of the contract of service between Westvaco, as shipper, and Pilot, as carrier, Westvaco had the duty of loading the trailer in question, including the duty to supervise the loading in a reasonable and workmanlike manner. It is further alleged by Pilot that all loading of the trailer on the occasion in question was done by and under the supervision of employees of Westvaco.

Paragraph 7 alleges that "Westvaco owed a duty to Pilot to inspect the trailer . . . and ascertain whether

or not it was suitable for loading, and if not suitable, either render it suitable or decline to accept it for loading; to carry out the loading operation in a reasonable, proper and workmanlike manner, with due regard to the safety of Hostetter and other Westvaco employees working in the trailer; and to properly supervise the loading operation so as to prevent harm to Hostetter or other employees of Westvaco engaged in the loading operation."

Concluding the contention embraced in paragraphs 5 and 7, Pilot states in paragraph 7 that "[b]y virtue of its failure to fulfill the foregoing duties arising from the contract of service between Westvaco and Pilot, and arising from certain rules and regulations of the Interstate Commerce Commission, an implied right of indemnity arises in favor of Pilot against Westvaco."

Westvaco has filed a demurrer to Pilot's third-party motion for judgment, the grounds of which are:

(a) That Virginia law does not sanction indemnity based upon comparative or relative fault.

(b) That Pilot's claim for indemnity is barred by the Virginia Workmen's Compensation Act.

(c) That Pilot is not entitled to contribution from Westvaco because Pilot has not incurred or paid damages to Hostetter.

Ground (c) of Westvaco's demurrer can be disposed of summarily since Pilot does not seek *contribution* from Westvaco, but instead seeks *indemnity*. Accordingly, this ground is overruled.

By ground (b) of its demurrer, Westvaco, relying on § 65.1-40 of the Code of Virginia, seeks to interpose the Virginia Workmen's Compensation Act as a bar to Pilot's claim. As previously noted, however, Pilot's claim is not for contribution, but is for indemnity, and where one seeks indemnity, the payment of Workmen's Compensation is not a bar to recovery. *General Electric Co.* v. *Moretz*, 270 F.2d 780 (4th Cir. 1959); *Jennings* v. *Torwegge*, 347 F. Supp. 1288 (W.D. Va. 1972); *Burnette* v. *General Electric Co.*, 389 F. Supp. 1317 (W.D. Va. 1975). Therefore, ground (b) of the demurrer is overruled.

Ground (a) of Westvaco's demurrer asserts that there is no basis under Virginia law for indemnity upon the theory of comparative or relative fault.

There can be situations (although they appear to be rare in Virginia) where a joint tortfeasor is liable to a third party for damages and is still entitled to indemnity from another joint tortfeasor because his fault is so great. *McLaughlin* v. *Siegel*, 166 Va. 374, 377, 185 S.E. 873, 874 (1936); *United States* v. *Savage Truck Line, Inc.*, 209 F.2d 442, 447 (4th Cir. 1953).

A determination of whether indemnity may be invoked under such a theory is dependent upon all the facts and circumstances of the case. Since this requires proof by evidence, the court cannot hold that paragraph (6) of Pilot's third-party motion for judgment fails to state a cause of action. It seems altogether probable, however, that the ultimate decision on this point may involve merely a question of law for the court. This ground of Westvaco's demurrer is also overruled.

While Westvaco's demurrer does not deal with the issue of Pilot's claim respecting implied contractual indemnity, its memorandum and oral argument did so. Therefore, this issue will be addressed by the court also.

As previously stated, Pilot in paragraphs 5 and 7 of its third-party motion for judgment, alleges the existence of an implied contract of indemnity between Pilot, as the carrier, and Westvaco, as the shipper, and Pilot contends that this contract requires Westvaco to indemnify Pilot for any damages Pilot may be required to pay to Hostetter. In support of this contention, Pilot relies primarily on the case of *General Electric Co.* v. *Moretz*, 270 F.2d 780 (4th Cir. 1959), which dealt with a contract of carriage created in Virginia. In *Moretz*, the court said:

> In Virginia, where the contract was made, and generally in other jurisdictions throughout the country, it is settled that relevant statutes and regulations existing at the time a contract is made become a part of it and must be read into it just as if they were expressly referred to or incorporated in its terms. Hence, it is plain that Mason & Dixon assumed the direct and specific obligation to General Electric to secure the cargo safely so that it would not shift during the movement, and became liable

for any loss caused by its failure to carry out its promises, unless it is excused by the concurring negligence of General Electric. It should be borne in mind, in this connection, that the transportation of the goods during which the loss occurred lay entirely in the hands of the carrier and that the initial failure of the shipper to load the goods properly in no way prevented the carrier from carrying out its own statutory contractual duties. 270 F.2d at 787.

Westvaco, in its memorandum states that "[t]here is no implied contractual indemnity under the present facts between Pilot and Westvaco." It well may be that when the court has determined the facts from evidence presented no implied contract of indemnity will exist. But, again, this requires the taking of evidence and the court cannot say that the existence of such a contract has not been well pled by Pilot.

It is also true, as argued by Westvaco, that the courts have rather consistently held that the primary duty of safe loading is upon the carrier. *See,* for example, *United States* v. *Savage Truck Line, Inc.,* 209 F.2d 442 (4th Cir. 1953); *Hobart* v. *Sohio Petroleum Company,* 445 F.2d 435 (5th Cir. 1971); *Norfolk and Western Ry. Co.* v. *Anderson's-Black Rock, Inc.,* 350 F.2d 917 (4th Cir. 1965); and *Halstead* v. *Norfolk and Western Railway Co.,* 236 F. Supp. 182 (S.D. W.Va. 1964), all of which are relied upon by Westvaco. Neither *Black Rock* nor *Halstead* modified the legal principle of implied contractual indemnity as set forth in *Moretz.* In the latter case, the evidence established clearly and specifically the duties and obligations between shipper and carrier, while in *Black Rock* and *Halstead* the evidence in that regard was unclear.

Pilot alleges the existence of an implied contract of indemnity, and the court cannot say that these allegations are demurrable. It is Pilot's burden, however, to prove such a contract and that Westvaco failed to fulfill the duties imposed upon it by the terms of such a contract.

The court holds, therefore, that Pilot's third-party motion for judgment is not demurrable and that, on its face, it sufficiently states a cause of action against

Westvaco for indemnity. If Westvaco needs further particulars, these may be obtained by requesting a bill of particulars or by the various discovery methods and procedures as set forth under Part Four of the Rules of Court.