## CIRCUIT COURT OF THE CITY OF NORFOLK

Martina Patricio Flores

    v.

First Home Concepts, Inc.,
N. Paul Clemmons,
and David Wallace

    v.

Mark A. Coleman, Sr.

February 28, 2003

Case No. (Law) L01-1348

BY JUDGE MARC JACOBSON

    Plaintiff Martina Patricio Flores filed a Motion for Judgment alleging breach of contract, conversion, fraud, breach of fiduciary duty, unjust enrichment, and breach of duty of good faith and fair dealings against First Home Concepts, Inc. (FHC), N. Paul Clemmons, and David Wallace. FHC has filed a Grounds of Defense, Affirmative Defenses, and Demurrer. Clemmons has also filed a Demurrer. Clemmons demurs to each count of Plaintiff's Motion for Judgment, while FHC demurs to Count Two (Conversion) and Count Four (Intentional Infliction of Emotional Distress).

    Third-Party Defendant Mark A. Coleman, Sr., has filed a Motion in Limine alleging that FHC and Clemmons failed to give him notice when they

took a deposition of Plaintiff and requesting that the deposition not be used against him at trial. FHC and Clemmons have made no response to this Motion.

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Va. Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on demurrer, the court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)). The Court may consider the pleading and the exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted). Moreover, "a court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that are properly a part of the pleadings." *Ward's Equip. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

### Count I: Breach of Contract

Clemmons demurred on the basis that he did not personally sign the contract between Plaintiff and FHC and, therefore, cannot be held personally liable for the breach of the contract. (Def. Clemmons' Dem., at ¶¶ 2-3, 5.) Furthermore, he has demurred on the grounds that he was acting as an agent for FHC and that Plaintiff has failed to allege sufficient facts to justify disregarding the corporate entity, FHC, and impose liability on an individual shareholder and officer like Clemmons. (Def. Clemmons' Dem., at ¶ 4.)

Wallace, who was allegedly acting for FHC, signed the contract with Plaintiff, and Plaintiff has failed to allege sufficient consideration to make Clemmons' various alleged promises binding as oral contracts. (Pl.'s 2d Am. Mot. for J., at Ex. A; Def. Clemmons' Dem., at ¶ 6.) However, it could be argued that Clemmons could be held liable as the principal to the written contract if the corporate entity is disregarded.

The Virginia Supreme Court has cautioned, "[N]o single rule or criterion . . . can be applied to determine whether piercing the corporate veil is justified." *Greenberg v. Commonwealth*, 255 Va. 594, 604, 499 S.E.2d 266, 272 (1998) (quoting *O'Hazza v. Executive Credit Corp.*, 246 Va. 111, 115, 431 S.E.2d 318, 320 (1993)). However, piercing the veil will usually be justified if:

> The shareholder sought to be held personally liable has controlled or used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage. . . . Piercing the corporate veil is justified when the unity of interest and ownership is such that the separate personalities of the corporation and the individual no longer exist and to adhere to that separateness would work an injustice.

*Id.* (quoting *O'Hazza*, 246 Va. at 115, 431 S.E.2d at 320-21).

"Ultimately, a decision whether to disregard the corporate structure to impose personal liability is a fact-specific determination, and each case requires a close examination of the factual circumstances surrounding the corporation and the questioned acts." *Greenberg*, 255 Va. at 604, 499 S.E.2d at 272 (quoting *O'Hazza*, 246 Va. at 115, 431 S.E.2d at 320-21). Plaintiff alleges that Clemmons is the "owner and operator of FHC and controls all aspects of the business of FHC and makes all decisions in connection with the business of FHC." (Pl.'s 2d Am. Mot. for J., at ¶ 4.) In that position, Plaintiff alleges that Clemmons instructed Wallace to lie to Plaintiff about an escrow account and to actually deposit her money in FHC's general account. *Id.* at ¶¶ 7, 9-10 and Ex. B. Furthermore, it is alleged that Clemmons ordered work to stop on Plaintiff's home, so the crew could work on Clemmons' own residence. *Id.* at ¶¶ 11-12. For the purposes of the Demurrer, such allegations are sufficient for Plaintiff to proceed against Clemmons individually.

Clemmons' Demurrer as to Count I is overruled.

### Count II: Conversion

Plaintiff has not sufficiently pleaded a cause of action for conversion. Conversion "encompasses 'any wrongful exercise or assumption of authority . . . over another's goods, depriving him of their possession; [and any] acts of dominion wrongfully exerted over property in denial of the owner's right or inconsistent with it'." *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299,

305, 440 S.E.2d 902, 905 (1994) (quoting *Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67, 75, 92 S.E.2d 359, 365 (1956)). Moreover, "[a]n action for conversion can be maintained only by one who has a property interest in and is entitled to the immediate possession of the thing alleged to be wrongfully converted." *United Leasing Corp.*, 247 Va. at 305, 440 S.E.2d at 906 (citing *Mullins v. Sutherland*, 131 Va. 547, 554-55, 109 S.E. 420, 423 (1921)). When Plaintiff received the check from State Farm Insurance, she endorsed it and gave it to FHC through Wallace. (Pl.'s 2d Am. Mot. for J., at ¶¶ 8-9 and Ex. B.) After that point, Plaintiff no longer had a right to immediate possession of the insurance proceeds.

FHC and Clemmons' Demurrers as to Count II are sustained with leave for Plaintiff to amend, if so inclined.

### Count III: Fraud

Clemmons demurred on the grounds that Plaintiff's factual allegations are false and contradict allegations in prior motions for judgment. (Def. Clemmons' Dem., at ¶¶ 11-12.) This is not a proper objection on demurrer. Plaintiff's Second Amended Motion for Judgment is the only motion for judgment properly before this Court. Moreover, on demurrer, the Court will assume all facts properly pleaded by Plaintiff to be true. Clemmons has not provided, at this time, a legally sound reason why this Count is insufficient.

Clemmons' Demurrer as to Count III is overruled.

### Count IV: Intentional Infliction of Emotional Distress

FHC and Clemmons both demurred on the basis that Plaintiff has failed to allege "facts which support any outrageous, reckless, or intolerable conduct" by Defendants. (Def. FHC's Reply, at ¶ 56; Def. Clemmons' Dem., at ¶ 15.) In Virginia, recovery for emotional distress resulting from a non-tactile tort may only be had if the plaintiff alleges, "the wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the alleged wrongful conduct and emotional distress are causally connected; and, the distress is severe." *Russo v. White*, 241 Va. 23, 26, 400 S.E.2d 160, 162 (1991) (citing *Womack v. Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974)). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* 241 at 27, 400 S.E.2d at 162.

Plaintiff has alleged that both FHC and Clemmons engaged in intolerable and outrageous conduct. (Pl.'s 2d Am. Mot. for J., at ¶¶ 42-43.) Principally, Plaintiff contends that by refusing to do the work contracted for or to return Plaintiff's money, Defendants knowingly deprived her and her family of their home for more than two years and caused her to be charged with a criminal offense by the City of Norfolk. *Id.* at ¶ 42. For the purposes of the Demurrers, Plaintiff's allegations are sufficient to permit her to at least proceed at this time on a claim of intentional infliction of emotional distress.

FHC further demurrers on the grounds that the emotional distress suffered by Plaintiff was caused by Plaintiff's refusal to allow FHC to perform on the contract. (Def. FHC's Grounds of Defense, Affirmative Defenses, and Dem., at ¶ 55.) This contention is not supported by the factual allegations actually contained in Plaintiff's Second Amended Motion for Judgment. On demurrer, the Court must assume the Plaintiff's allegations to be correct. Therefore, this is not a sufficient *legal* reason to sustain FHC's demurrer.

Clemmons also demurred on the grounds that the emotional distress arose from the alleged non-performance of a contract to which Clemmons was not a party. Even if Plaintiff had not alleged sufficient facts to proceed against Clemmons individually for breach of contract, an agent could still be individually liable for any torts he may commit. *Miller v. Quarles*, 242 Va. 343, 347, 410 S.E.2d 639, 641 (1991) (citing *McLaughlin v. Siegel*, 166 Va. 374, 376-77, 185 S.E. 873, 874 (1936)). Plaintiff alleges that her distress arose from Clemmons' actions: directing Wallace to lie; directing the work crew to stop; using the crew to work on his residence; repeatedly promising Plaintiff that the work would soon be completed; and refusing either to complete the work or return the money. (Pl.'s 2d Am. Mot. for J., at ¶¶ 7, 9-12, 14, 16, 18, 30, 42.) It could be argued the corporate veil would not shield Clemmons from liability for his allegedly tortious conduct.

FHC and Clemmons' Demurrers as to Count IV are overruled.

### Motion in Limine

Third-Party Defendant Coleman has filed a Motion in Limine to prevent FHC and Clemmons from using the deposition of Plaintiff against him because he was not given notice. Under Rule 4:7 of the Rules of the Supreme Court of Virginia, depositions may be used at trial against "any party who was present or represented at the taking of the deposition or had reasonable notice thereof." Va. Sup. Ct. R. 4:7 (2002). Whether Coleman received "reasonable notice" is a factual question and cannot be resolved without a hearing.

260

The Court reserves decision on Third-Party Defendant Coleman's Motion in Limine with the right to have a factual hearing. Presumably, Coleman would still be in a position to take the deposition of Plaintiff, if so inclined.